Emmett HICKERSON,
Plaintiff-Appellant,

v.

Ross MAGGIO, Jr., Warden, and Attorney General of the State of Louisiana,
Defendants-Appellees.

No. 81–3660.

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1982.

---

Julian R. Murray, Jr., New Orleans, La. (Court-appointed), for plaintiff-appellant.

William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, La., for defendants-appellees.

Before RUBIN, RANDALL and JOLLY, Circuit Judges.

PER CURIAM:

Emmett Hickerson appeals from the denial of his habeas corpus petition after the district court considered only the state court record and the pleadings. Concluding that Hickerson is entitled to an evidentiary hearing on the factual question whether the state judge pronouncing sentence exercised the discretion given him by state law, we reverse.

## I.

After a bench trial in a Louisiana court, Hickerson was convicted of distribution of heroin in violation of La.Rev.Stat.Ann. § 40:966 (West 1972).[1] The trial judge sen-

---

1. The statute read in relevant part:

A. *Manufacture; Distribution.* Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:

(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule I;

(2) To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule I.

B. *Penalties for violation of Subsection A.* Any person who violates Subsection A with respect to:

(1) A substance classified in Schedule I which is a narcotic drug (all substances in Schedule I preceded by an asterisk "*"), upon conviction shall be sentenced to life imprisonment at hard labor, and may, in addition, be required to pay a fine of not more than fifteen thousand dollars.

The Louisiana Supreme Court interpreted section (B)(1) to permit suspension of the prison-

tenced him to life imprisonment. The Louisiana Supreme Court affirmed the conviction and sentence without opinion. *State v. Hickerson,* 337 So.2d 213 (La.1976).

Claiming that the sentencing judge acted under the mistaken belief that the life sentence was mandatory, when the judge in fact had some discretion, Hickerson petitioned the state court for habeas corpus based on the United States Supreme Court's decision in *Hicks v. Oklahoma,* 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980). The state trial court denied the petition, and the Louisiana Supreme Court affirmed. Hickerson then filed a petition in federal court, and its denial led to this appeal.

## II.

■ In *Hicks,* the Supreme Court held that a convicted defendant has a due process right to the exercise of the sentencer's discretion. Hicks was convicted and sentenced pursuant to an Oklahoma statute mandating a 40-year prison term. While Hicks' conviction was pending on appeal, the Oklahoma Supreme Court declared the mandatory sentence unconstitutional. The Oklahoma Court of Criminal Appeals nevertheless declined to order Hicks resentenced, reasoning that the 40-year sentence imposed was within the range of lawful punishment.

The Supreme Court reversed. The Court stated:

Where . . . a State has provided for the imposition of criminal punishment in the discretion of the trial jury, it is not correct to say that the defendant's interest in the exercise of that discretion is merely a matter of state procedural law. The defendant in such a case has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion, and that liberty interest is one the Fourteenth Amend-

ment preserves against arbitrary deprivation by the State.

*Id.* at 346, 100 S.Ct. at 2229, 65 L.Ed.2d at 180 (citation omitted). We have held that the *Hicks* rule is not limited to cases in which sentence is imposed by the jury; defendants who are sentenced by a judge have the same expectation, equally strong. *Prater v. Maggio,* 686 F.2d 346, at 350 n. 8 (5th Cir. 1982).

Therefore, under the then-current Louisiana statute, Hickerson had a liberty interest in a proper exercise of the sentencing judge's discretion. We must determine whether he received the process that he was due.

## III.

■ Hickerson bases his claim that the judge failed to exercise discretion on the judge's remarks both before trial and at sentencing. Before trial, the judge, considering Hickerson's decision to waive a jury trial, stated:

THE COURT: You understand if you are convicted of this particular offense that the maximum, that *the only sentence I could impose is life imprisonment. I have no discretion with regard to sentence.* Do you understand that?

THE DEFENDANT: Yes.

(emphasis added). At sentencing, the judge stated:

THE COURT: *Well, there's no discretion under the statute with this court.* Therefore, under the statute, it is the sentence of this court . . . that Mr. Emmett Hickerson be given to the custody of the Director of the Department of Corrections for a period of life imprisonment at hard labor.

(emphasis added).

As the State now concedes, however, life imprisonment at hard labor was not the only sentence that could have been imposed. Hickerson might have been sentenced to

er's sentence or probation in *State v. Whitehurst,* 319 So.2d 907 (La.1975). The Legislature amended the statute to remove these options in 1977. *See* La.Rev.Stat.Ann. § 40:966

(West 1977). The 1981 amendment added provisions not relevant here. *See id.* (West Supp. 1982.)

one year in parish jail, followed by a period of probation, or placed on probation. Only if Hickerson were sentenced to a term in state prison was a life sentence required. *See Terrebonne v. Blackburn,* 646 F.2d 997, 999 (5th Cir. 1981) (en banc).

The same judge who pronounced sentence denied Hickerson's application for state habeas relief. The judge stated that he knew, when he imposed sentence, that he had discretion. He explained that Hickerson's reliance on the quoted remarks was misplaced for two reasons. First, Hickerson "is taking out of context the soliloquy [sic] between defense counsel and this Court . . . ." Second, his awareness that the sentence could be suspended "was amply confirmed by the fact that this Court did not add to that sentence, *without benefit of parole, probation, or suspension of sentence.*" *State ex rel. Hickerson v. State,* No. 251–474 (Crim.Dist.Ct. Orleans Parish filed June 20, 1980) (emphasis in original).

The magistrate accepted this explanation and recommended denial of the writ. The district court adopted the recommendation.

We are unable to agree that Hickerson's claim did not merit an evidentiary hearing. The transcripts of the jury waiver proceedings and the sentencing hearing warrant the inference that the trial judge did not consider the factors normally involved in determining proper punishment for a crime. These factors would include the defendant's prior offenses, his social history, his prognosis for rehabilitation, and so forth. The trial judge's failure to order a presentence investigation, which would have focused on these matters, lends credence to Hickerson's claim. *Cf.* La. Code Crim.Proc.Ann. art.

894.1 (West Supp.1982) (trial court required to state for the record the considerations taken into account and the factual basis supporting them in imposing sentence).

Hickerson, therefore, has raised a "real, legitimate, and substantial issue" whether the trial judge exercised his discretion in imposing the life sentence. *Van Poyck v. Wainwright,* 595 F.2d 1083, 1085 (5th Cir. 1979) (per curiam). In this circuit, an evidentiary hearing must be held unless the record shows conclusively that relief is not available. *United States v. Auten,* 632 F.2d 478, 482 (5th Cir. 1980). *Cf. Camarillo v. Estelle,* 670 F.2d 473, 474 (5th Cir. 1981) (when prisoner's right to relief turns on facts which are in dispute, state must be given opportunity to introduce evidence supporting validity of its position).

The trial judge's explanation of his earlier remarks when denying state habeas relief does not dispose of Hickerson's claim. We in no sense impugn the trial judge's reputation by noting that, as to a question of fact, his opinion stating his reasons for denying Hickerson relief is but his own statement, unsupported by oath and untested by cross-examination directed to the apparent conflict between his remarks four years earlier and his later recollection. Questions of fact can be resolved only by an evidentiary hearing at which the witnesses, whatever their station, testify in the traditional manner.[2]

■ The judgment denying Hickerson the writ is REVERSED. The case is REMANDED to the district court for an evidentiary hearing.[3]

2. This case is, therefore, different from *Prater v. Maggio,* 686 F.2d 346 (5th Cir. 1982). In *Prater,* the petitioner also claimed that he had not received the benefit of the sentencing judge's discretion. But the state judge's denial of resentencing in that case indicated that the judge was aware of the option to suspend the sentence or place the petitioner on probation, and the petitioner failed to present any evidence to the contrary.

3. The state may, of course, obviate the need for a hearing with the trial judge as a witness by consenting to resentencing. If the state wishes

to pursue this avenue, resentencing should take place before a judge other than the one who pronounced sentence and denied the state habeas application. *See* La.Code Crim.Proc.Ann. art. 671(6) (West 1981) (judge shall be recused when unable to conduct fair and impartial trial); *State v. LeBlanc,* 367 So.2d 335, 341 (La. 1979) (appearance of partiality is grounds for recusal). *See generally* Code of Judicial Conduct Canon 3(C)(1) (judge should disqualify self in proceeding in which impartiality might reasonably be questioned); 28 U.S.C. § 455(a) (Supp. IV 1980) (same).