**Arthur WILLIAMS, Petitioner-Appellant,**

**v.**

**Ross MAGGIO, Jr., Warden, Louisiana State Penitentiary, and William J. Guste, Jr., Attorney General, State of Louisiana, Respondents-Appellees.**

**No. 83–3756**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 30, 1984.

---

Arthur Williams, pro se.

Susan Scott Hunt, Asst. Dist. Atty., New Orleans, La., for respondents-appellees.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

PER CURIAM:

In December 1976, appellant Arthur Williams was convicted by jury verdict on two counts of distribution of heroin and sentenced to two concurrent terms of life imprisonment. His convictions and sentences were affirmed by the Louisiana Supreme Court, *State v. Williams*, 349 So.2d 1245 (La.1977) (per curiam). In 1981, Williams sought state habeas relief, alleging that he was denied due process by the trial and sentencing judge's failure to exercise his discretion at sentencing. An evidentiary hearing was held before the sentencing judge, who denied relief. The Louisiana Supreme Court affirmed, *State ex rel. Williams v. Maggio*, 429 So.2d 163 (La.1983). Having exhausted his state remedies, Williams then sought federal habeas relief on the same claim; he now appeals from the district court's denial of his federal petition.

In that habeas petition, as in his state habeas petition, Williams contends that he was denied due process in that the sentencing judge erroneously believed he had no alternative but to impose sentences of life imprisonment upon conviction for distribution of heroin in violation of Louisiana Revised Statute 40:966.[1] At the time of sentencing, the penalty provision of § 40:966 did specify a "mandatory" life sentence; however, the Louisiana courts had held applicable to this statute the discretionary provisions of Article 893 of the Louisiana Code of Criminal Procedure,[2] which grant the trial court discretion to suspend sentence where suspension is not specifically prohibited.[3] *State v. Whitehurst*, 319 So.2d 907 (La.1975). Williams argues that the judge's ignorance of the applicable law at the time of sentencing impermissibly infringed his recognized liberty interest in the proper exercise of the judge's statutory sentencing discretion, *see Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980); *Hickerson v. Maggio*, 691 F.2d 792, 794 (5th Cir.1982); *Toliver v. Maggio*, 720 F.2d 1290 (5th Cir.1983) (unpublished). The state concedes that both the Louisiana courts and this court have repeatedly held the imposition of a sentence in ignorance of discretionary alternatives to violate due process and to warrant reversal and remand for an evidentiary hearing. *Toliver, supra; Hickerson*, 691 F.2d 792; *Willeford v. Estelle*, 637 F.2d 271 (5th Cir.1981); *State v. Hopkins*, 367 So.2d 346 (La.1979). The state argues, however, that any error which may have occurred at sentencing was entirely corrected in a subsequent evidentiary hearing. The district court found that the record of the evidentiary hearing "reflects that the sentencing judge was aware of his ability to suspend the sentence" by the time of

---

1. La.Rev.Stat.Ann. § 40:966 (West 1977 & Supp. 1984).

2. La.Code Crim.Proc.Ann. art. 893 (West Supp. 1984).

3. The statute was amended in 1977 to remove the option to suspend sentence. *See* La.Rev. Stat.Ann. § 40:966 (West 1977).

that later hearing, even though "the court may have been unaware of the possibility of suspending sentence at the time of sentencing." Citing *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), the district court held it was bound by a state court finding of fact and denied the habeas petition.

We are unable to distill any finding of fact from the state court's remarks at the evidentiary hearing.[4] Therefore, we hold that the district court erred in believing itself bound under the rule of *Sumner.* Additionally, we conclude that the evidentiary hearing was inadequate as a matter of law. Our reading of the record of the hearing leads us to conclude that the state court did not address the sole issue presented to it by the habeas petition: whether there was error in the sentencing proceeding. Nor was the hearing adequate as a resentencing proceeding, as the state claims. The record does not reflect that Williams received proper advance notice to muster all possible favorable information.[5] Moreover, the hearing was conducted by the sentencing judge, in violation of fundamental principles of recusal, *Hickerson,* 691 F.2d at 795 n. 3.

Lastly, we hold that the evidentiary hearing was inadequate as a matter of law in that the quoted statements of the state trial court are so incomprehensible as to render them unreviewable. The right to an evidentiary hearing and to findings of fact intrinsically implies the right to a result not insulated from review by veils of garble. *Cf. Rogers v. Maggio,* 714 F.2d 35, 39 (5th

Cir.1983) (absence of adequate record regarding sentencing prevents adequate review of habeas claim of denial of benefit of discretionary state sentencing statute and entitles petitioner to evidentiary hearing).

For the foregoing reasons, we vacate and remand for an evidentiary hearing in federal court, unless the state should agree to resentencing before a different state judge within a reasonable time. *See Hickerson,* 691 F.2d at 795 n. 3.

REVERSED.

---

4. We reproduce these in their entirety. The court opened the hearing by stating:

Let the record reflect on January 7, 1977, the defendant was sentenced to life imprisonment at hard labor after the return of a verdict of guilty by a jury on December 15, 1976, on two counts of unlawfully distributing Heroin.

At this time the only penalty the Court could impose subsequent to that decision and sentence was that the Louisiana Supreme Court ruled in other cases that the trial judge may take into consideration and the sentence may be suspended even though a life sentence, pursuant to that ruling, the Court ordered this defendant returned to this jurisdiction for a Hearing on the sentence as to

whether the Court would suspend a life sentence for distribution of heroin.

—and closed the hearing with:

This Court did not establish the penalty set by the Legislature in this State. It was life imprisonment, the Jury found the defendant guilty as charged in both counts and the case was affirmed by the Supreme Court. Therefore, the Court will not vacate or change the sentence of this Court in accordance with the laws of this State. Your objection is noted, Mr. McCurdy.

5. He was, however, represented by counsel and some potentially mitigating information was advanced.