**Diana Batiste ANDERSON, Petitioner-Appellant,**

v.

**Johnny JONES, Warden, Louisiana Correctional Institute for Women, et al., Respondents-Appellees.**

**West ANDERSON, Petitioner-Appellant,**

v.

**Ross MAGGIO, Jr., Warden, Louisiana State Penitentiary, et al., Respondents-Appellees.**

**No. 84–3001**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 9, 1984.

Diana Batiste Anderson, pro se.

West Anderson, pro se.

Beryl M. McSmith, Susan Scott Hunt, Asst. Dist. Attys., New Orleans, La., for respondents-appellees.

Before   REAVLEY,   POLITZ   and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Diane Batiste Anderson and West Anderson appeal the district court's denial of federal habeas relief, 28 U.S.C. § 2254. The district court examined the state record; no evidentiary hearing was conducted. Concluding that the Andersons are entitled to an evidentiary hearing to determine the sentencing judge's understanding of the range of sentencing discretion accorded him by Louisiana law, we reverse and remand.

*Facts*

The Andersons were convicted of distribution of heroin in Louisiana state court in 1976. At that time La.R.S. 40:966 prescribed a sentence of life imprisonment, but did not preclude probation or suspension of sentence. La.Code Crim.Pro. art. 893, as applied by the Louisiana courts, vested the trial judge with authority to suspend sentence and impose probation. At the sentencing the state trial judge stated: "Well, you were ... convicted of the distribution of heroin, and of course, the law leaves me no alternative but to sentence you to life."

Alleging that their trial judge was not aware of his sentencing discretion, the Andersons sought state habeas relief. At a hearing on this application conducted by the sentencing judge, from the bench the judge explained his earlier statement to mean "that I had no alternative in good conscience under the facts of the case, and the record of the defendants, but to sentence them to life imprisonment." The judge then added: "There's no judge in this State more cognizant of the fact that I could have sentenced those—these defendants to probation and a drug program, because I am the one who was responsible for that law being passed.... My record as a judge shows that in the past, I have sentenced people to life imprisonment under this narcotic statute, and that I have suspended the sentence in those cases, in a number of cases. I might add that I had no success in any of them, they all came back." With that, state habeas was denied.

The Andersons filed separate petitions under § 2254 which were consolidated for disposition. The district court denied relief, holding that the state trial judge's explanation was a fact entitled to a presumption of correctness, *Sumner v. Mata,*

449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). The district judge distinguished our decision in *Hickerson v. Maggio,* 691 F.2d 792 (5th Cir.1982), on the grounds that the state court in the Anderson case had conducted a hearing on the petition for collateral relief. Noting our intervening decision in *Williams v. Maggio,* 730 F.2d 1048 (5th Cir.1984), we reverse and remand.

### Discussion

■ The Supreme Court, this court and Louisiana's highest court have held that the imposition of sentence by a judge or jury not aware of discretionary sentencing alternatives violates due process. *Hicks v. Oklahoma,* 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980); *Williams v. Maggio; State v. Hopkins,* 367 So.2d 346 (La.1979). A defendant raising a genuine issue as to the sentencing judge's knowledge and understanding of the range of sentencing discretion is entitled to a hearing before a judge other than the sentencing judge. *Hickerson v. Maggio; Williams v. Maggio.*

■ The facts here presented are strikingly similar to the facts before us in *Hickerson v. Maggio* in which the state trial judge declared:

[T]he only sentence I could impose is life imprisonment. I have no discretion with regard to sentence.... Well, there's no discretion under the statute with this court. Therefore, under the statute, it is the sentence of this court ... that Mr. Emmett Hickerson be given to the custody of the Director of the Department of Corrections for a period of life imprisonment at hard labor.

691 F.2d at 794. The state trial judge was in error in this statement. Under then prevailing Louisiana law there were other sentencing options. Hickerson's application for state habeas was dismissed by the sentencing judge who sought to explain his prior comments. We referred to those comments:

The same judge who pronounced sentence denied Hickerson's application for state habeas relief. The judge stated that he knew, when he imposed sentence, that he had discretion. He explained that Hickerson's reliance on the quoted remarks was misplaced for two reasons. First, Hickerson "is taking out of context the soliloquy [sic] between defense counsel and this Court...." Second, his awareness that the sentence could be suspended "was amply confirmed by the fact that this Court did not add to that sentence, *without benefit of parole, probation, or suspension of sentence.*" *State ex rel. Hickerson v. State,* No. 251–474 (Crim.Dist.Ct. Orleans Parish, filed June 20, 1980) (emphasis in original).

691 F.2d at 795. Viewing with caution the sentencing judge's comments at the state habeas hearing over which he presided, we held that Hickerson was entitled to an evidentiary hearing on his federal habeas application and remanded for that purpose:

The trial judge's explanation of his earlier remarks when denying state habeas relief does not dispose of Hickerson's claim. We in no sense impugn the trial judge's reputation by noting that, as to a question of fact, his opinion stating his reasons for denying Hickerson relief is but his own statement, unsupported by oath and untested by cross-examination directed to the apparent conflict between his remarks four years earlier and his later recollection. Questions of fact can be resolved only by an evidentiary hearing at which the witnesses, whatever their station, testify in the traditional manner.

*Id.* In our subsequent decision in *Williams v. Maggio* we emphasized that a challenge focusing on the sentencing judge's knowledge and awareness of the range of sentencing options should be determined by a jurist other than the sentencing judge and then only after an appropriate evidentiary hearing. In the case now before us, the Andersons did not receive a proper evidentiary hearing in state court. They are entitled to a hearing to explore the extent to which the sentencing judge understood the full range of sentencing alternatives. The matter is now reversed

and remanded to the district court for a proper evidentiary hearing on the merits of their habeas petitions.