**Darrell Wayne McAFFEE,**
**Petitioner-Appellant,**

**v.**

**Raymond K. PROCUNIER, Director,**
**Texas Department of Corrections,**
**Respondent-Appellee.**

No. 84-2268
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 3, 1985.

Darrell Wayne McAfee, pro se.

Jim Mattox, Atty. Gen., Laurie A. Booras, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEE, JOHNSON, and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge.

Darrell Wayne McAffee appeals from the federal district court's denial of his petition for writ of habeas corpus, 28 U.S.C. § 2254. On appeal, McAffee asserts

that the district court erred when it determined that the withdrawal of certain evidence by the prosecution in McAffee's state court criminal prosecution did not render the trial so fundamentally unfair as to deny McAffee due process. McAffee also asserts that the district court erred in not finding a due process violation because the state sentencing court explicitly considered McAffee's criminal record when sentencing McAffee although no evidence of any criminal record was before the court. This Court affirms the federal district court's decision regarding the evidentiary matters. We remand, however, on the sentencing issue in order that the district court might conduct an evidentiary hearing on that issue.

## I. BACKGROUND

### A. *The Crime*

Early in the morning of January 11, 1979, a man approached the vehicle of Sandra Blackwell, the complainant. Blackwell had just parked her car in her apartment complex parking lot. The man requested a ride to a service station in order to get transmission fluid for his car, which was disabled in the parking lot of Blackwell's apartment complex. Blackwell and her roommate-passenger, Kathy Jensen, at first refused the man's request for assistance, but later agreed to give him a ride. At trial, Blackwell and Jensen both identified McAffee as the man that approached their car.

Blackwell followed McAffee's directions to the service station until McAffee ordered Blackwell to stop the car. McAffee told the women that he had fooled them and "that he had a gun and a knife" and that they were to hand him their purses. State Trial Record at 178.[1] Kathy Jensen escaped from the vehicle and attempted to pull Blackwell out of the car. McAffee,

however, grabbed Blackwell's arm and a tug-of-war ensued. Eventually, McAffee was able to start the car and he drove off with Blackwell.

McAffee repeatedly struck Blackwell in the eyes and mouth with his open palm. Blackwell began to cry, but McAffee threatened to kill her if she did not quit crying. McAffee then drove into an apartment parking lot, stopped the vehicle, and raped Blackwell. Shortly thereafter, McAffee allowed Blackwell to leave the vehicle and he drove away in Blackwell's car.

### B. *The Trial*

McAffee was convicted by a jury in the 174th District Court of Harris County, Texas, on his plea of not guilty to the felony offense of aggravated rape. The trial court assessed his punishment at 50 years in the Texas Department of Corrections. McAffee appealed to the First Court of Appeals of the State of Texas, which affirmed his conviction. *McAffee v. Texas,* 624 S.W.2d 776 (Tex.App.—Houston 14th Dist.1981). McAffee's petition for discretionary review by the Texas Court of Criminal Appeals was denied.[2]

Two evidentiary rulings by the trial court are challenged in the present appeal. First, the State introduced a known sample of Kathy Jensen's hair. The State's expert then compared that hair sample with another piece of evidence—a blonde hair that the arresting officer found entwined in McAffee's hair. The prosecution's expert testified that the microscopic characteristics of the two hair samples were similar, although he could not state with certainty that the sample entwined in McAffee's hair was Kathy Jensen's hair. The State later moved to withdraw the known sample from evidence.[3] Defense counsel moved for a mistrial claiming that the withdrawn evi-

---

1. Neither Blackwell nor Jensen actually saw a gun or a knife.

2. Exhaustion is not an issue. Record at 36. *McGee v. Estelle,* 722 F.2d 1206, 1213–14 (5th Cir.1984) (en banc).

3. The reasons for this withdrawal are unclear. It may be that the state withdrew the evidence because of the inconclusive nature of the expert's testimony, or it may be that the state failed to prove chain of custody of the evidence.

dence had prejudiced his client's case. The trial court overruled the motion, and the court then instructed the jury to disregard the evidence or any testimony concerning it.

Second, the State introduced a rape kit into evidence, subject to proof of its chain of custody. The prosecution's expert testified that the rape kit revealed no seminal stains, spermatozoa, or blood stains. The State later moved to withdraw that piece of evidence because the chain of custody had not been established.[4] Defense counsel again moved for a mistrial. The trial court overruled the motion for a mistrial and instructed the jury to disregard the evidence.

As noted, the jury found McAffee guilty of aggravated rape. McAffee elected to be sentenced by the trial court which then sentenced McAffee to 50 years in the Texas Department of Corrections. In sentencing McAffee, the trial court appears to have referred to McAffee's criminal record:

> After full consideration and after due deliberation, taking into consideration the relevant facts and circumstances and the background of this defendant, *the criminal record of this defendant,* I'm going to assess his punishment at confinement in the Texas Department of Corrections for a term of 50 years.

State Trial Record at 537 (emphasis added). The trial court record discloses, however, that no evidence of any criminal record had been introduced into evidence at either the guilt/innocence phase or the sentencing phase of the trial.

#### C. *The Habeas Corpus Petition*

In his petition for habeas corpus in the federal district court, McAffee, acting *pro se*, alleges two constitutional errors in his state trial. McAffee alleges that the trial court erred in its evidentiary rulings regarding the rape kit and the hair sample and that those errors rendered his trial fundamentally unfair. McAffee argues that the defense motion for a mistrial

should have been granted in both instances. In addition, McAffee argues that the withdrawal of the rape kit from evidence prejudiced him because the evidence was beneficial to him in that it failed to corroborate Blackwell's testimony that a rape occurred. As his second ground of error, McAffee argues that the trial court's explicit reference to his criminal record indicates that it considered information that was not part of the record in sentencing McAffee in violation of his due process rights.

The federal district court denied McAffee's petition. In the instant appeal, McAffee reasserts these same grounds of error. This Court affirms the federal district court's determination regarding the evidentiary rulings, but we remand for an evidentiary hearing on McAffee's claim that the state trial court impermissibly considered his alleged criminal record when sentencing McAffee.

## II.  DISCUSSION

### A.  *The Evidentiary Rulings*

■ McAffee asserts that the introduction and subsequent withdrawal of both the hair sample and the rape kit resulted in substantial prejudice to him. The standard for reviewing the propriety of a state court's evidentiary ruling was recently set forth in *Banks v. McGougan,* 717 F.2d 186 (5th Cir.1983).

> A state defendant has no constitutional right to an error-free trial. A federal habeas court may consider the propriety of state court evidentiary rulings only if there has been a constitutional infraction that renders the entire trial fundamentally unfair.

*Id.* at 190 (footnote omitted). Thus, this Court's present focus is whether the state trial court's rulings allowing the prosecution to introduce and then withdraw this evidence rendered McAffee's trial fundamentally unfair. This Court concludes that it did not.

---

**4.** It appears that the State was unable to obtain the testimony of one of the investigating police officers, and thus failed to establish the chain of custody.

McAffee argues that the state trial court violated due process when it allowed the prosecution to withdraw the rape kit from evidence because that evidence was favorable to McAffee. This Court disagrees. First, McAffee's counsel did not urge at trial that the trial court erred in allowing the prosecution to withdraw the rape kit, which McAffee now argues was evidence beneficial to him. Rather, counsel argued for a mistrial on the ground that there was so much testimony regarding the kit that the jury could not realistically disregard the evidence regardless of the court's instruction to do so. State Trial Record at 411–12. Second, the defense did not attempt to introduce the evidence in its own case in chief. Third, the evidence from the rape kit is not as favorable to McAffee as McAffee would like this Court to believe. The kit only demonstrated that there were no seminal stains, spermatozoa, or blood stains. It did not prove, as McAffee argues, that no rape occurred. Consequently, the evidence does not establish McAffee's innocence, it merely fails to prove his guilt. Finally, the evidence against McAffee was strong. Both Blackwell and Jensen made in-court identifications of McAffee. They also picked McAffee out of a police line-up. Blackwell testified to the facts of the rape. Circumstantial evidence also pointed to McAffee's guilt. McAffee's disabled car was found in Blackwell's apartment complex parking lot. Blackwell's car was found within a few blocks of McAffee's house. Finally, hair samples similar to McAffee's hair were found in the back seat of Blackwell's car. Given all of these factors, this Court cannot conclude that the withdrawal of the rape kit worked such prejudice upon McAffee that his trial was rendered fundamentally unfair.

**5.** McAffee claims that he did indeed have a criminal record. While no evidence of such record was before the sentencing court, McAffee contends that the sentencing judge had personal knowledge of his previous record. The State, however, argues that McAffee had no criminal record, pointing to McAffee's counsel's argument at trial that McAffee had "never been to the penitentiary." State Record at 531. However, defense counsel filed a motion in limine at

Likewise, the state trial court's refusal to grant a mistrial because of the introduction and then withdrawal of the hair sample and rape kit did not render McAffee's trial fundamentally unfair. In both instances, the jury was instructed to disregard the evidence withdrawn and any testimony concerning the evidence. This Court has held that such instructions to disregard often cure error. *See United States v. Ylda,* 643 F.2d 348, 350–51 (5th Cir.1981) (direct criminal appeal); *United States v. Macker,* 608 F.2d 223, 226 (5th Cir.1979). There is no reason for this Court to conclude that the jury in this case was unable to follow the court's instruction to disregard that evidence. Given the strong evidence against McAffee, as detailed above, this Court concludes that the trial court did not render McAffee's trial fundamentally unfair by refusing to grant a mistrial in either instance.

## B. *The Sentence*

■ McAffee contends on appeal that the state trial court erred in sentencing him by explicitly considering as a factor in assessing his sentence that McAffee had a criminal record, when no evidence of a criminal record was before the court. Finding that McAffee's ground of error might rise to the level of a constitutional violation, this Court remands this portion of the case for an evidentiary hearing.

As noted, the sentencing court appears to have explicitly referred to McAffee's criminal record in sentencing him. McAffee argues that no evidence of a criminal record was before the court.[5] In the context of direct criminal appeals, this Court has held that it may be a violation of due process to rely explicitly on erroneous information in sentencing a defendant:

the beginning of trial seeking to bar any references by the State either to McAffee's juvenile or adult criminal records. That motion in limine was granted. State Record at 52. In its evidentiary hearing, the federal district court must determine whether McAffee indeed had a criminal record, the extent of that record, and whether any evidence of that record was before the sentencing court.

"[A] defendant retains the right not to be sentenced on the basis of invalid premises." *United States v. Espinoza,* 481 F.2d 553, 555 (5th Cir.1973). Sentences based upon erroneous and material information or assumptions violate due process. *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (sentence based upon prior, unconstitutional convictions); *Townsend v. Burke,* 334 U.S. 736, 740, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948) (sentence based upon "assumptions concerning [the defendant's] criminal record which were materially untrue").

*United States v. Tobias,* 662 F.2d 381, 388 (5th Cir.1981), *cert. denied,* 457 U.S. 1108, 102 S.Ct. 2908, 73 L.Ed.2d 1317 (1982) (sentence based on information regarding the purchase of chemicals for drug manufacturing that was not supported by the record); *See United States v. Reme,* 738 F.2d 1156 (11th Cir.1984); *United States v. Collins Spencer Catch the Bear,* 727 F.2d 759 (8th Cir.1984).

Likewise, in the context of a direct criminal appeal, this Court has held that "where a judge *'explicitly relies* on certain information in assessing a sentence,' the defendant must be given some opportunity to rebut that information." *United States v. Garcia,* 693 F.2d 412, 415 (5th Cir.1982) (citation omitted, emphasis in original). Due process dictates this rule. *Shelton v. United States,* 497 F.2d 156, 159 (5th Cir. 1974).

McAffee's claims are properly asserted in a petition for writ of habeas corpus because of the possible due process violation. In *Collins v. Buchkoe,* 493 F.2d 343, 345 (6th Cir.1974), a habeas corpus case, the Sixth Circuit stated:

"[T]his prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue. Such a result whether caused by carelessness or design is inconsistent with due process of law ..."

(quoting from *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948)).

■ The federal district court found that the state sentencing court considered McAffee's alleged lack of a criminal record as a mitigating factor. The State also adopts this position, asserting that McAffee had no record. This Court perceives the comments of the sentencing judge to be ambiguous at best, particularly considering defense counsel's motion in limine at the beginning of the state trial and McAffee's allegation that the state trial judge had personal knowledge of his criminal record. *See* note 4, *supra.* While it is clear from the record that no evidence of McAffee's criminal record was before the state trial court, it is unclear whether McAffee was given an opportunity to rebut the information regarding his criminal record that the state trial court appears to have explicitly relied upon in sentencing McAffee. Ultimate resolution of these somewhat confusing factual matters requires an evidentiary hearing. *See Williams v. Maggio,* 730 F.2d 1048 (5th Cir.1984); *Hickerson v. Maggio,* 691 F.2d 792, 795 (5th Cir.1982). Consequently, this issue is remanded to the district court in order that it might conduct such an evidentiary hearing.

## III. CONCLUSION

This Court finds that the state trial court's evidentiary rulings did not render McAffee's trial fundamentally unfair. The judgment of the district court on that issue is affirmed. However, the state sentencing judge appears to have explicitly considered McAffee's alleged criminal record without allegedly allowing McAffee an opportunity to rebut the information on which the sentencing court relied. Because the evidence conflicts regarding the truthfulness of the information as well as whether it was properly before the court, the sentencing process may have violated McAffee's due process rights. The factual basis for this claim remains unclear, however. Consequently, the judgment of the district court on this issue is vacated and the case is remanded so that the district court might conduct an evidentiary hearing on this issue.

AFFIRMED IN PART; VACATED IN PART and REMANDED.