**Royal A. EVERY, Petitioner-Appellant,**

v.

**Frank C. BLACKBURN, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

No. 85–3329
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 5, 1986.

Royal A. Every, pro se.

Harry Connick, Dist. Atty., Julia S. Coley, Judith Brewster, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before CLARK, Chief Judge, and WIL-
LIAMS, and HIGGINBOTHAM, Circuit
Judges.

PATRICK E. HIGGINBOTHAM, Circuit
Judge:

In his petition for habeas relief under 28
U.S.C. § 2254, a Louisiana prisoner serving
a life sentence for possession of heroin
with intent to distribute alleges that the
state trial court failed to consider discre-
tionary alternatives when originally sen-
tencing him in 1975 and again when resen-
tencing him in 1980, thereby violating his
right to due process. Finding evidence in
the record that the state court judge was
aware of sentencing alternatives when he
resentenced Every in 1980, the federal dis-
trict court dismissed the habeas petition
without conducting an evidentiary hearing.
The state now concedes that the judgment
should be reversed and the cause remanded
for an evidentiary hearing because the
same judge who originally sentenced Every
also conducted the postconviction hearing
to determine whether he was himself
aware of sentencing alternatives. Because
the state's concession is erroneous, we af-
firm the judgment of the district court.

**I**

Royal A. Every was convicted of posses-
sion of heroin with intent to distribute in
violation of La.Rev.Stat.Ann. § 40:966
(West 1972). On September 17, 1975, he
was sentenced to life imprisonment without
benefit of parole, probation, or suspension
of sentence, but with credit for time
served. On October 6, 1975, Every was
resentenced to life imprisonment with cred-
it for time served. The Louisiana Supreme
Court affirmed the conviction. *State v.
Every*, 337 So.2d 213 (La.1976).

At the time of Every's sentencing, La.
Rev.Stat.Ann. § 40:966 (West 1972) pre-

scribed a sentence of life imprisonment.
La.Code Crim.Proc. art. 893 (West 1984),
however, vested the trial judge with au-
thority to suspend the sentence and impose
probation.[1] In July 1979, Every filed a
motion in the state trial court for correction
of an illegal sentence, asserting that the
sentencing judge was not aware that he
could suspend the mandatory life sentence.
The trial court denied the motion, stating:

> Petitioner is correct in that he could
> have been granted probation under the
> date of his original conviction, September
> 10, 1975, but this Court chose not to
> grant petitioner that right. Petitioner is
> further correct in that the original sen-
> tence imposed on September 17, 1975,
> did, in fact, sentence the defendant to life
> imprisonment in the custody of the di-
> rector of the Department of Corrections,
> with credit for time served, but without
> benefit of parole, probation, or suspen-
> sion of sentence. However, his sentence
> was corrected on October 6, 1975, in the
> presence of petitioner and his retained
> attorney, Mr. Frank Kenner. The sen-
> tence imposed by this Court on October
> 6, 1975, after setting aside the previous
> sentence, was that the defendant be sen-
> tenced to life imprisonment at hard labor,
> in the custody of the director of the
> Department of Corrections, with credit
> for time served.

Every sought relief on the same issue
from the Louisiana Supreme Court and in
addition asserted that he was not present
when the original sentence was amended
on October 6, 1975. The Louisiana Su-
preme Court granted Every's writ, stating:

> It is hereby ordered that [Every] be
> granted an evidentiary hearing to deter-
> mine if he was present when the sen-
> tence was amended on October 6, 1975,
> or alternatively resentenced. Otherwise
> the writ is denied.

*State ex rel. Every v. Becker*, 385 So.2d
278 (La.1980).

La.Rev.Stat.Ann. § 40:966 (West 1977).

---

1. In 1977 the Louisiana legislature amended the
   substantive statute to remove these options. *See*

On July 15, 1980, the trial judge who originally sentenced Every set aside the sentence imposed on September 17, 1985, and resentenced him to life imprisonment at hard labor with credit for time served. The judge did not mention the amended sentence imposed on October 6, 1975. Every later filed a motion in the sentencing court for a transcript of the July 15, 1980 resentencing hearing, asserting once again that the court had not exercised its statutory discretion in resentencing. This motion was denied; remedial writs sought in the Louisiana Supreme Court were also denied.

Every then petitioned for federal habeas relief, asserting that the sentencing court failed to consider discretionary alternatives when sentencing him in 1975 and again when resentencing him in 1980, thus violating his right to due process. The district court denied relief, holding that even if the sentencing judge was not aware in 1975 that he had discretion to place Every on probation, he clearly was aware of it when resentencing him in 1980. The district court reasoned that the state judge's written reasons for denying Every's motion to correct illegal sentence in 1979 reflected that awareness. Every appeals the district court's judgment.

## II

The imposition of sentence by a judge who is not aware of discretionary sentencing alternatives violates due process. *Anderson v. Jones*, 743 F.2d 306 (5th Cir. 1984); *see also Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980). This court has held that a defendant who raises a genuine issue concerning the sentencing judge's knowledge and understanding of the range of sentencing discretion is entitled to a hearing on that issue before a different judge. *Anderson*, 743 F.2d at 308. The court has also said that it is improper for the sentencing judge to conduct the hearing because he must testify, under oath and subject to cross-examination, as to his prior awareness of discretionary sentencing alternatives. *See*

*Hickerson v. Maggio*, 691 F.2d 792, 795 (5th Cir.1982).

Every raised a genuine issue as to the trial judge's awareness of sentencing alternatives at the time of the original sentencing in 1975: he points to evidence that the same judge made a similar error when imposing sentence on two other defendants in December 1975 and January 1976. *See Hickerson v. Maggio*, 691 F.2d 792, 794–95 (5th Cir.1982); *Toliver v. Maggio*, 720 F.2d 1290 (5th Cir.1983) (discussing contention that the sentencing judge failed to exercise sentencing discretion because he was unaware he had such discretion only one month before in the *Hickerson* case). Because this same judge conducted the evidentiary hearing on the issue of whether he himself had been aware of discretionary alternatives when sentencing Every, the state concedes that Every should receive another evidentiary hearing.

■ The state's confession of error, if incorrect, does not bind us. In *Young v. United States*, the Supreme Court stated:

> The considered judgment of the law enforcement officers that reversible error has been committed is entitled to great weight, but our judicial obligations compel us to examine independently the errors confessed. The public interest that a result be reached which promotes a well-ordered society is foremost in every criminal proceeding. That interest is entrusted to our consideration and protection as well as that of the enforcing officers. Furthermore, our judgments are precedents, and the proper administration of the criminal law cannot be left merely to the stipulation of the parties.

315 U.S. 257, 258–59, 62 S.Ct. 510, 511–12, 86 L.Ed. 832 (1942) (citations omitted). This reasoning has been applied where the state confessed error in a criminal case, *Sibron v. New York*, 392 U.S. 40, 58–59, 88 S.Ct. 1889, 1900–01, 20 L.Ed.2d 917 (1968), and by courts in civil cases involving the government, *see, e.g., Atkins v. United States*, 556 F.2d 1028, 1058 n. 15, 214 Ct.Cl. 186 (1977), *cert. denied*, 434 U.S. 1009, 98

S.Ct. 718, 54 L.Ed.2d 751 (1978); *United States v. Bell*, 363 F.2d 94, 96 (8th Cir. 1966). Moreover, we have previously declined to accept a confession of error by the government in an appeal from the denial of a motion brought pursuant to 28 U.S.C. § 2255. *Cachoian v. United States*, 452 F.2d 548, 550 (5th Cir.1971). We retain the same full authority in habeas cases to reject a state's erroneous confession of error and to decide the case in accord with the law.

■ Because Every was resentenced in 1980, there was no need for an evidentiary hearing to determine whether the sentencing judge was aware of his discretion in the 1975 sentencing proceedings. *Hickerson*, 691 F.2d at 795 n. 3. The record conclusively shows that the sentencing judge was aware of his sentencing alternatives at the time he resentenced Every in 1980. *Cf. id.* at 795 n. 2. No evidentiary hearing is required under these circumstances, and the state's concession was an error.

■ Contrary to a dictum in *Hickerson*, suggesting that resentencing should "take place before a judge other than the one who pronounced sentence and denied the state habeas application," *id.* at 795 n. 3 (citations omitted), Every was resentenced by the original sentencing judge. The *Hickerson* suggestion had to do with maintaining the appearance of impartiality, and it did not imply that a due process violation automatically results from resentencing by the same judge. Absent proof that the judge would refuse to exercise sentencing alternatives due to actual bias or partiality, no federal constitutional right is threatened.

Every also asserts that his resentencing was inadequate because he was not given proper advance notice of the proceeding, the opportunity to prepare for it, or a chance to obtain counsel of his choice. Because Every did not raise this issue in the district court, we decline to decide it.

AFFIRMED.