**Raymond COMPTON,
Petitioner–Appellant,**

v.

**Robert H. BUTLER, Warden, Louisiana
State Penitentiary,
Respondent–Appellee.**

**No. 88–3700
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 12, 1989.

Rehearing Granted Oct. 30, 1989.*

Raymond Compton, Angola, La., pro se.

Sandra Pettle, Asst. Dist. Atty., Harry Connick, Dist. Atty., New Orleans, La., for respondent-appellee.

Before REAVLEY, JONES, and DUHE, Circuit Judges:

DUHE, Circuit Judge.

Appellant was convicted in Louisiana in 1976 of distribution of heroin and was sentenced to a term of life imprisonment without parole as provided by La.Rev.Stat. 40:966(B)(1). His conviction was affirmed on direct appeal and his application for state habeas corpus relief was denied. He sought federal habeas corpus relief alleging two grounds:

1. The "mandatory" life sentence for heroin distribution is disproportionately excessive and constitutes cruel and unusual punishment in violation of the eighth amendment, and

2. The sentencing judge was unaware of discretionary sentencing alternatives which deprived appellant of due process.

The district court dismissed. Appellant filed a timely notice of appeal and the district court granted a certificate of probable cause.

Appellant's contention that his sentence is disproportionately excessive and constitutes cruel and unusual punishment is without merit. The argument has been disposed of by this Court's decision in *Terrebonne v. Butler*, 848 F.2d 500 (5th Cir. 1988) (*en banc*), *cert. denied*, — U.S. ——, 109 S.Ct. 1140, 103 L.Ed.2d 201 (1989).

Sentencing options were available despite the mandatory wording of La.Rev.Stat. 40:966(B)(1). The court could have suspended the sentence, La.Code Crim.Proc. art. 893, and it could have imposed probation together with a term of up to one year imprisonment. La.Code Crim.Proc. art. 895 B (as in effect when Compton was sentenced); *see State v. Whitehurst*, 319 So.2d 907 (La.1975).

Imposition of a life sentence without awareness of discretionary sentencing alternatives can rise to the level of a fourteenth amendment due process violation. *Terrebonne*, 848 F.2d at 507–508, n. 13.

Appellant advances a number of arguments in support of his position. He contends that the sentencing hearing shows that the court was unaware of sentencing alternatives. In fact, there is nothing to indicate that the judge was aware of sentencing alternatives nor is there anything to indicate that he was unaware. On the subject the judge stated only the following:

> "On your finding of guilty of the offense of distribution of a controlled dangerous substance, to wit, heroin, it is the sentence of this Court to place you in the custody of the Department of Corrections for a period of life imprisonment at hard labor. I will grant you credit for time served from incarceration, June— July 29, 1976, until sentencing, and I will waive court costs."

Appellant relies on *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980); *Hickerson v. Maggio*, 691 F.2d 792 (5th Cir.1982); and *Williams v. Maggio*, 730 F.2d 1048 (5th Cir.1984), to support his

argument. These cases are readily distinguishable. *Hicks* involved the imposition of a statutorily mandated minimum sentence under a penalty provision which was later ruled unconstitutionally excessive. The constitutionality of the penalty provision involved here has been established. *Terrebonne*, 848 F.2d 500. In *Hickerson*, the sentencing judge expressed on the record his belief that he was without discretion. That is not the case here. In *Williams*, it likewise appeared that the sentencing judge believed that he was without discretion and his statement to the contrary at a subsequent evidentiary hearing was contradictory and unclear; therefore, a subsequent evidentiary hearing was ordered. Other cases from this circuit are also distinguishable.

In *Rogers v. Maggio*, 714 F.2d 35 (5th Cir.1983), defendant contended that he had been denied the benefit of a discretionary state sentencing statute. An evidentiary hearing was ordered because, although the record reflected that a sentencing hearing had been conducted, there was no transcript or record thereof. Accordingly, a panel of this Court ordered that a hearing be conducted. That is not the situation presented here. Likewise, *Clark v. Blackburn*, 619 F.2d 431 (5th Cir.1980), does contain the statement that a "district court should hold a full hearing on any issue not resolved because of an insufficient record." *Id.* at 434. But in that case there were numerous factors lending support to appellant's claim of ineffective assistance of counsel. There are no such factors present here. While it is true that sentences based upon erroneous assumptions may constitute constitutional violations and require further evidentiary hearing, *see, e.g., McAfee v. Procunier*, 761 F.2d 1124, 1128 (5th Cir.1985), there is no indication in this record that the court proceeded upon an erroneous assumption.

Appellant supports his position by contending that no presentence investigation was conducted and that his attorney was unaware that the court had an alternative to sentencing. These facts are not, however, probative of the court's knowledge of sentencing alternatives. La.Code Crim. Proc. art. 875 makes the ordering of a presentence investigation discretionary and knowledge of counsel says nothing of knowledge of the court.

In short, there is nothing before this Court to indicate that the sentencing judge was unaware of the sentencing alternatives available to him except appellant's bare allegation thereof. This is insufficient. That appellant says it is so does not make it so.

Accordingly, the judgment of the district court is

AFFIRMED.