**Raymond COMPTON,
Petitioner–Appellant,**

v.

**Robert H. BUTLER, Warden, Louisiana
State Penitentiary,
Respondent–Appellee.**

**No. 88-3700**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 30, 1989.

---

Raymond Compton, Angola, La., pro se.

Sandra Pettle, Asst. Dist. Atty. and Harry Connick, Dist. Atty., New Orleans, La., for respondent-appellee.

Before REAVLEY, JONES and DUHÉ, Circuit Judges.

ON PETITION FOR REHEARING

DUHÉ, Circuit Judge:

On the initial presentation of this appeal the petitioner contended that his 1976 sentencing violated due process because the sentencing judge was unaware of discretionary sentencing alternatives. We affirmed the district court's dismissal of the federal habeas petition on the ground that the record contained nothing to indicate that the sentencing judge proceeded upon an erroneous assumption.

The petitioner now contends this Court has recognized on two occasions that the very judge who sentenced the petitioner was unaware of sentencing alternatives. *See Hickerson v. Maggio*, 691 F.2d 792 (5th Cir.1982); *Toliver v. Maggio*, No. 83–3219

(5th Cir. Nov. 23, 1983) (unpublished) [720 F.2d 1290 (table)].[1] On the basis of these decisions the petitioner argues that the judge was unaware of the alternatives both before and after the petitioner's sentencing, and he asks us to infer that the judge was similarly unaware during that sentencing.

In *Toliver* the petitioner showed that the sentencing judge had failed to conduct a presentence investigation and that one month prior to the sentencing, as demonstrated by an opinion of this Court, he had been unaware he had sentencing discretion. We held that the petitioner was entitled to an evidentiary hearing since he had raised a "real, legitimate, and substantial issue" whether the judge had exercised his sentencing discretion. No. 83–3219, slip op. at 4 (quoting *Hickerson*, 691 F.2d at 795).

There is no indication in the materials presently before the Court (other than petitioner's allegation) that petitioner was in fact sentenced by the same judge whose sentences were at issue in *Hickerson* and *Toliver*. Nevertheless, we believe that the petitioner's allegations that he was sentenced by that judge, together with this Court's disposition in *Toliver*, warrant the conclusion that the petitioner has raised a real, legitimate, and substantial issue regarding the judge's exercise of discretion. Accordingly, we VACATE the prior opinion of this panel, GRANT the Petition for Rehearing, and REMAND to the district court for an evidentiary hearing.

---

**1.** Compton claims that a third habeas petitioner was sentenced by the judge and granted relief in a federal court. Compton has identified that petitioner only by a state docket number, *see State ex rel. Ambrose v. Maggio,* 444 So.2d 1238 (La.1984) (denying remedial writ), and this Court has not addressed an application by that petitioner. We assume that Compton refers to an unpublished decision of a federal district court.