35 F.3d 574
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Wade ALBROW, Defendant-Appellant.
 No. 93-1370.
 United States Court of Appeals, Tenth Circuit.
 Sept. 9, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 On July 22, 1993, defendant-appellant Wade Albrow pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1) and was sentenced to twenty-nine months imprisonment followed by three years supervised release. On appeal, he argues that the district court erred in sentencing by adjusting his criminal history calculation upward three points pursuant to United States Sentencing Guidelines ("U.S.S.G.") 4A1.2(d)(1). We exercise jurisdiction under 18 U.S.C. 3742 and affirm.
 
 
 3
 The district court assessed Mr. Albrow three criminal history points to account for his 1987 guilty plea to a charge of conspiracy to commit first degree kidnapping. Defendant argues that the district court erred in assessing him three criminal history points for this offense because it was a juvenile conviction requiring only a two point assessment under 4A1.2(d)(2).
 
 
 4
 Defendant's argument rests on the fact that, because he was sentenced to the custody of the Department of Institutions and not the Department of Corrections, he received a juvenile sentence and that, therefore, his 1987 conviction was a juvenile conviction. The Mittimus of the El Paso County conviction reflects that defendant did not receive a "juvenile adjudication." Rather, he received a "conviction" to the charge of conspiracy to commit first degree kidnapping. Colorado law provides for direct filings against individuals under eighteen years of age in district court. Colo.Rev.Stat. Ann. 19-2-805. A direct filing in district court signifies that an individual is being prosecuted as an adult and not as a juvenile in juvenile court. People in Interest of M.N., 761 F.2d 1124, 1135 (Colo.1988); People v. Thorpe, 641 F.2d 935, 938 (Colo.1982). At his sentencing hearing, defendant presented an expert to support his position that the 1987 conviction was a juvenile conviction. The expert testified, however, that Mr. Albrow received a "conviction" and that had Mr. Albrow been prosecuted as a juvenile the Mittimus would have reflected that he received an "adjudication." The district court concluded that defendant was prosecuted in a direct filing in district court as an adult, convicted as an adult and sentenced as a juvenile. We agree.[2]
 
 
 5
 Having established that defendant received an adult conviction, we turn to the provisions of the sentencing guidelines. Section 4A1.2(d)(1) applies when "the defendant was convicted as an adult and received a sentence of imprisonment exceeding" thirteen months. We reject the argument that, because defendant served this sentence in the custody of the Department of Institutions and not the Department of Corrections, his sentence was not an "adult sentence" and should not count for the purposes of 4A1.2(d)(1). An adult sentence is one which results from a conviction as an adult and does not depend on the place to which the defendant is sentenced. See United States v. Carrillo, 991 F.2d 590, 593 (9th Cir.), cert. denied, 114 S.Ct. 231 (1993). An adult sentence "is any sentence imposed pursuant to an 'adult conviction.' " Id.
 
 
 6
 Because Mr. Albrow's 1987 conviction was as an adult and was more than thirteen months, the district court correctly applied a three point assessment in his criminal history. AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We note that even if we were to sentence defendant under 4A1.2(d)(2) as he requests, defendant would have five criminal history points and remain in the identical sentencing guideline range. Moreover, because defendant received twenty-nine months out of a range of twenty-nine to thirty-six months his sentence would not be affected