IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-30018
Summary Calendar

WARREN HENRY,

Petitioner-Appellant,

versus

JOHN P. WHITLEY, Warden; RICHARD P. IEYOUB,
Attorney General, State of Louisiana,

Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-1678
- - - - - - - - - -
October 13, 1997
Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Warren Henry, Louisiana prisoner # 77111, appeals the

dismissal of his 28 U.S.C. § 2254 habeas application.  Henry

argues that the sentencing judge's arbitrary and capricious

refusal to even consider the sentencing guidelines or the

sentencing alternatives available under the statute amounts to a

deprivation of liberty in violation of the Due Process Clause.

It is not this court's function in a habeas proceeding to review

a state's interpretation of its own law.  <u>Weeks v. Scott</u>, 55 F.3d

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1059, 1063 (5th Cir. 1995). However, to the extent that such review is required by due process implications, the sentencing judge did consider whether a lesser sentence would deprecate the seriousness of the crime, and he also considered Henry's history of criminal conduct, which in the judge's mind weighed against a probated sentence. The judge also stated that there were no extraordinary circumstances, which would take into account mitigating factors. The state court's finding that the judge complied with the state statute, and the state court's conclusion that the sentencing judge was aware of, and properly exercised, his discretion, did not involve an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1); see Carter v. Johnson, 110 F.3d 1098, 1103 (5th Cir. 1997), petition for cert. filed, No. 97-5538 (Aug. 8, 1997).

Henry argues that the resentencing hearing should have been held before a different judge than the one who imposed the original sentence. He contends that the judge used the resentencing hearing as a forum for justifying his earlier ruling rather than giving adequate consideration to the sentencing guidelines. A due process violation does not automatically result from resentencing by the same judge. "Absent proof that the judge would refuse to exercise sentencing alternatives due to actual bias or partiality, no federal constitutional right is threatened." Every v. Blackburn, 781 F.2d 1138, 1141 (5th Cir. 1986). There is no proof that the judge was biased or impartial.

Henry has not shown that the state court's decision involved an unreasonable application of clearly established federal law.  28 U.S.C. § 2254(d)(1); Carter, 110 F.3d at 1103.

AFFIRMED.