**[J-57-2020] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**


COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

MELVIN SPEIGHT,

Appellant

: No. 778 CAP
:
: Appeal from the Order entered on
: March 20, 2019 in the Court of
: Common Pleas, Philadelphia
: County, Criminal Division at No. CP-
: 51-CR-1036271-1992.
:
: SUBMITTED: May 29, 2020
:
:


## CONCURRING OPINION


**JUSTICE MUNDY**                                    **DECIDED: April 29, 2021**

I agree with the majority opinion's conclusions that we have jurisdiction to hear this matter and that the Court of Common Pleas of Philadelphia County erred by not resentencing Appellant, Melvin Speight. I write separately to express my concern that the United States District Court for the Eastern District of Pennsylvania may not have engaged in an independent review of the legal questions raised in Appellant's application for a writ of habeas corpus, as required by federal law, and instead relied solely upon the agreement of Appellant and the Commonwealth, represented by the Philadelphia District Attorney's Office, when granting Appellant's application in part.

Pursuant to Title 28, Section 2254 of the United States Code, a federal court may grant an application for a writ of habeas corpus filed by a person held on a state court judgment **only** if the state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The United States Supreme Court has interpreted Section 2254(d)(1), the subsection at issue, to require federal courts to engage in an **independent review** of the legal questions raised in an application for a writ of habeas corpus when determining whether the state court decision violates federal law. *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 411 (2000)). Federal courts have made clear that the duty to engage in an independent review of the questions raised in an application for a writ of habeas corpus cannot be avoided even where a state has "conceded that there has been a violation" of federal law. *Wharton v. Vaughn*, 371 F.Supp. 3d 195, 199-200 (E.D. Pa. 2019) (citing *Johnson v. McCaughtry*, 265 F.3d 559, 564 (7th Cir. 2001); *Every v. Blackburn*, 781 F.2d 1138, 1139 (5th Cir. 1986)). Stated differently, a federal court may not grant an application for a writ of habeas corpus based solely upon agreement of the parties.

Despite the well-established requirement that it engage in an independent review of the questions raised in Appellant's application for a writ of habeas corpus, the District Court appears to have vacated Appellant's death sentence based solely upon the agreement of the parties. Appellant's application for a writ of habeas corpus was referred by the District Court to a magistrate judge for review. With respect to Appellant's claims of sentencing error, the Commonwealth did not raise any defenses before the magistrate judge and stated that it was not contesting relief with respect to Appellant's death sentence. *Speight v. Beard*, No. CV 04-4110, 2016 WL 8459847, at *4 (E.D. Pa. 2016) (Caracappa, C.M.J.) That being said, the Commonwealth stated its response should not be construed as a concession that "any of [Appellant]'s claims have merit." *Id.* (quoting Response to Habeas Petition, 12/22/2014, at 10 n.11). Seemingly in response to the

Commonwealth's non-contest, the magistrate judge recommended vacating Appellant's death sentence "**in accordance with [the Commonwealth's] representations and stipulation** . . . ." *Id.* In doing so, the magistrate judge acknowledged that she was not addressing the Appellant's claims of sentencing error **"because [the Commonwealth] stated [it] will not contest a grant of relief as to [Appellant's] death sentence."** *Id.* (emphasis added). The District Court approved and adopted the recommendation of the magistrate judge by memorandum opinion and order dated March 7, 2017. In its memorandum opinion, the District Court wrote that it made a "thorough and independent review of the state record;" however, like the magistrate judge, the District Court expressly stated that it was vacating Appellant's death sentence **"upon agreement of the parties."** *Speight v. Beard*, No. CV-04-4110, 2017 WL 914907, at * 1 (E.D. Pa. 2017) (Quiñones Alejandro, J.) (emphasis added). The District Court's order accompanying its memorandum opinion mirrors the language used in that opinion, again reiterating that,

> [w]ith respect to the penalty of death, **upon agreement of [Appellant] and [the Commonwealth]**, the petition for a writ of *habeas corpus* is GRANTED, and [Appellant]'s case is remanded to the Commonwealth of Pennsylvania for re-sentencing."

District Court Order, 3/7/2017, at 1 (emphasis added). In light of the clear and unambiguous language used by the District Court in its March 7, 2017 memorandum opinion and order, I cannot agree with the majority opinion's conclusion that Judge Streeter Lewis, in her March 20, 2019 order, or Judge Ransom, in her opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), erroneously presumed the District Court's decision was based solely upon agreement of the parties.

The District Court's June 18, 2019 Order, issued in response to a motion filed by Appellant, does not help clarify the matter. Therein, the District Court wrote that its March

17, 2019 memorandum opinion and order are "unambiguous and need[] no clarification, further stating that "[a] reasonable reading of [its] March 7, 2017 [m]emorandum [o]pinion and [o]rder shows that [Appellant]'s sentence of death was invalidated as a matter of federal law." District Court Order, 6/18/2019, at 1 n.1. Despite this statement, there is no indication from the March 7, 2017 memorandum opinion and order that appellant's death sentence was vacated on any other basis than upon agreement of the parties. Further, while the District Court approved and adopted the recommendation of the magistrate judge, the District Court cannot be said to be relying upon an independent review performed by the magistrate judge because she specifically stated in her recommendation that she was not addressing Appellant's claims regarding sentencing error in light of the Commonwealth's non-contest of the relief requested. Therefore, to the extent that the District Court did independently review the questions raised in Appellant's application for writ of habeas corpus, as required by Section 2254, the District Court did not explain what federal laws were violated or how they were violated, which should be communicated for the benefit of parties, the sentencing court, and the community at large.

Nevertheless, I agree with the majority opinion's conclusion that the trial court misperceived the issue before it. Upon remand, the trial court examined whether it had the authority to vacate Appellant's death sentence. However, the District Court's March 7, 2017 order vacated Appellant's death sentence and directed the trial court to resentence Appellant. Therefore, regardless of whatever qualms the trial court may have had with the District Court's memorandum opinion and order, the trial court's authority was limited to resentencing Appellant. I therefore concur in the result reached by the majority opinion.