Robert **WALKER**, Petitioner-Appellant,

v.

Ross **MAGGIO, Jr.**, Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 84–3163
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 20, 1984.

---

Robert Walker, pro se.

William J. Guste, Jr., Atty. Gen., Harry F. Connick, Dist. Atty., Joanne Marier, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

Petitioner Robert Walker is a state prisoner currently serving a fifty-year sentence in the Louisiana State Penitentiary at Angola based upon his adjudication as a recidivist. Following his jury conviction in 1975 for attempted simple burglary, the state relied on three prior convictions to enhance the penalty. Having exhausted his state court remedies, Walker filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 alleging that one of the convictions used for enhancement is invalid. The district court denied the petition. We affirm.

Walker contends that his plea of guilty to simple burglary on April 8, 1971, which was used to enhance the penalty for his 1975 conviction, was not knowingly and voluntarily entered because the state trial court failed to advise him of the constitu-

tional rights he waived by pleading guilty as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[1] Petitioner first raised this issue in state court in 1979 in a motion to correct an illegal sentence which he filed in the court which had adjudicated him a multiple offender (section "J"). Due to the unavailability of the transcript of the 1971 guilty plea proceedings, an evidentiary hearing was conducted by the trial court.[2]

In determining whether Walker had been properly "Boykinized," the state court considered 1) the minute entry for section "F" (the section in which petitioner had entered the guilty plea) on April 8, 1971; 2) the testimony of the petitioner's attorney in the 1971 proceedings; and 3) the testimony of the judge who accepted the guilty plea. The minute entry states: "The court advised the defendant as to his constitutional rights herein and made several inquiries of the defendant all as per *BOYKIN VS. ALABAMA*...." Supp. Record. Walker's attorney testified that he had no independent recollection of petitioner or the case. The state trial judge testified that although he had no independent knowledge of petitioner's case, he had routinely advised defendants of their rights under *Boykin* since the time of the decision in 1969. Based on the foregoing, the state court concluded that Walker had been advised of his rights under *Boykin* when he pleaded guilty on April 8, 1971, and consequently denied his motion to correct an illegal sentence based upon the state's use of the conviction for enhancement purposes.

Petitioner thereafter filed an application for a writ of habeas corpus in the Louisiana Supreme Court to which he attached the transcript of the guilty plea proceedings from a different case wherein the same judge who accepted his guilty plea failed to advise the defendant in accordance with *Boykin*. The writ was denied. *State ex rel. Walker v. Blackburn*, 400 So.2d 219 (La.1981).

In 1982, petitioner filed a second motion to correct an illegal sentence, this time in section "F". The court denied the motion on the grounds that petitioner advanced the same claims raised in his motion in section "J". Petitioner then applied for remedial writs to the Louisiana Supreme Court citing a second case involving another defendant as an instance where the same judge failed to adequately "Boykinize" a defendant. After writs were denied, *see State ex rel. Walker v. Blackburn*, 438 So.2d 585 (La.1983), petitioner applied for a rehearing, attaching yet another transcript of a guilty plea proceeding in a different case which purported to show that the same judge failed to fully comply with *Boykin*. The supreme court denied reconsideration.

Petitioner then filed the instant petition in federal court, raising the identical claim. The district court denied relief, stating that petitioner had failed to overcome the statutory presumption of correctness accorded to the state court's finding that he was "Boykinized." This Court must agree.

■ It must first be noted that, because *Boykin* mandates an affirmative showing on the record that a defendant's guilty plea is intelligently and voluntarily made, the court will "scrutinize with guarded caution those situations ... where the reviewing court cannot ascertain from the trial transcript that the stringent due process requirements imposed by [*Boykin*] ... have been complied with scrupulously." *LeBlanc v. Henderson*, 478 F.2d 481, 483–84 (5th Cir.1973), *cert. denied*, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974). However, even where the transcript is completely unavailable, this Court has held that

---

1. Three federal constitutional rights are involved in the waiver that occurs when a guilty plea is entered in a state criminal trial: 1) the privilege against compulsory self-incrimination, 2) the right to trial by jury, and 3) the right to confront one's accusers. *Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712.

2. The state court entered judgment stating that the court reporter of record when petitioner entered his guilty plea was no longer employed by the court and that after a diligent search of the files, no shorthand or electronic notes of the proceedings could be located.

it is still the petitioner's burden in a habeas corpus proceeding to demonstrate facts that establish a constitutional violation, unless the state's failure to find the transcript is so egregious a breach of duty as to relieve the petitioner of this initial burden of proof. *Clayton v. Blackburn,* 578 F.2d 117, 120 (5th Cir.1978). In determining whether the state violated its duty by not making the transcript available, "all of the facts must be considered, including any delay by the petitioner in seeking relief...." *Id.* In the present case, petitioner did not request a transcript of the 1971 proceedings until 1979. It cannot be said that the state's failure to locate the transcript after eight years is an egregious breach of its duty. Accordingly, the petitioner is not relieved of his burden in federal court simply because the transcript of the guilty plea hearing was not available.

■ Petitioner has the burden to demonstrate facts establishing that his 1971 guilty plea was not intelligently and voluntarily made because he was not advised of his rights as required by Boykin. In this case, as in *Clayton,* the petitioner was granted an evidentiary hearing in state court in which he was given the opportunity to establish the necessary facts to prove his case. "In a federal habeas corpus proceeding there is a statutory presumption of correctness that is attached to a state court's findings of fact after a post-conviction hearing has been held on the merits of the issue." *Armstead v. Maggio,* 720 F.2d 894, 895–96 (5th Cir.1983) (citing *Sumner v. Mata,* 449 U.S. 539, 544–45, 101 S.Ct. 764, 767–768, 66 L.Ed.2d 722 (1981); *see* 28 U.S.C. § 2254(d). The federal courts must defer to the state court's findings unless the hearing was inadequate under the circumstances or it is determined that the findings are not fairly supported by the record. *Smith v. Estelle,* 711 F.2d 677, 681–82 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1685, 80 L.Ed.2d 159 (1984).

■ In the present case, the state court's finding that petitioner was "Boykinized" is supported by the record. The state judge testified that, although he had no personal recollection of petitioner's case, he routinely advised defendants of their rights as required by *Boykin.* The judge's statement is corroborated by the minute entry of the court indicating that the court advised petitioner of his rights and made inquiries of him "all as per [*Boykin* ]." The minute entry, executed by a sworn public official in the discharge of his duties, is entitled to a presumption of regularity. *See Webster v. Estelle,* 505 F.2d 926, 929–30 (5th Cir.1974), *cert. denied,* 421 U.S. 918, 95 S.Ct. 1581, 43 L.Ed.2d 785 (1975); *see also Thompson v. Estelle,* 642 F.2d 996, 998 (5th Cir.1981) ("The district court could properly rely upon the regularity of the state court's documents in preference to [the habeas corpus petitioner's] own self-serving testimony...."). Although perhaps neither the judge's testimony nor the minute entry, taken alone, would constitute sufficient corroboration in the record, a matter we do not decide, the combination of the two clearly supports the state court's finding that petitioner was "Boykinized," in the face of no contrary evidence except petitioner's own allegations.

Moreover, it is clear that petitioner received a "full and fair" hearing in the state court. Petitioner has shown no procedural error affecting the reliability of the state proceedings. There is no material fact that was not presented at the evidentiary hearing. The evidence presented by petitioner at various stages of the state proceedings which shows that the state judge, in certain instances, failed to comply with *Boykin,* indicates only that there may have been lapses in the judge's routine compliance; it does not prove that the judge failed to adhere to his policy of compliance in petitioner's case.

Even scrutinizing this case with guarded caution, *see LeBlanc, supra,* this Court cannot conclude that the district court erred in deferring to the state court's finding that petitioner was advised of his rights as required by *Boykin* in the 1971 guilty plea hearing. Thus, petitioner's argument that the plea was not knowingly and volun-

tarily entered (and was thus not valid for purposes of enhancement) must fail.

Accordingly, the judgment of the district court is

AFFIRMED.