Charles NELSON

v.

Ross MAGGIO, Jr., et al.

Civ. A. No. 84–2750.

United States District Court, E.D. Louisiana.

Dec. 19, 1984.

armed robbery; he was sentenced to serve thirty-five years in the state penitentiary. On direct appeal, the Louisiana Supreme Court affirmed his conviction. *State v. Nelson*, 306 So.2d 745 (La.1975).

The state trial court denied petitioner's applications for post-conviction habeas corpus relief without an evidentiary hearing. The Louisiana Supreme Court denied supervisory relief. *State ex rel. Nelson v. Blackburn*, 417 So.2d 362 (La.1982). Having exhausted his state court remedies, petitioner now seeks habeas relief here.

Petitioner alleges that two errors occurred during his trial, and he contends that either of them would entitle him to habeas relief: [1]

1) The trial judge charged the jury that "a man is presumed to intend the natural and probable consequences of his acts," and

2) the prosecutor, during closing arguments, "made several prejudicial comments about fact [sic] the accused did not testify...."

If either of petitioner's allegations are true, he has stated a colorable claim for habeas relief. *See Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) (jury charge regarding presumptions unconstitutionally shifts burden of proof to defendant) and *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 1232, 14 L.Ed.2d 106 (1965) (prosecutor's comment on defendant's failure to testify at trial deprives defendant of due process rights).

Our task is complicated by the unavailability of a transcript of the prosecutor's closing argument and the trial court's jury charge. Under the procedure then in effect in Louisiana, the appeal transcript included only those portions of the trial during which objections were made and adverse rulings preserved for review by bills of exception. La.Code Crim.Proc. art. 843 (amended 1974). Because no objection was

Charles Nelson, pro se.

Kathy Lee Torregano, Asst. Dist. Atty., New Orleans, La., for Ross Maggio, Jr.

## ORDER AND REASONS

DUPLANTIER, District Judge.

On March 11, 1974, in the state court in New Orleans a jury convicted petitioner of

---

1. The petition seeks relief on several other grounds dismissed in a separate order and not pertinent here.

raised as to the prosecutor's closing argument or the jury charge, the court reporter did not transcribe those portions of the trial. Understandably, when this petition was filed over ten years after the conviction, the reporter's notes are no longer available to be transcribed.

■ A state prisoner's habeas petition may, in some cases, be summarily dismissed if the state asserts and proves that it has been prejudiced in its ability to controvert the petitioner's allegations by the unavailability of a transcript caused by unreasonable delay in the filing of the habeas petition. Rule 9(a), 28 U.S.C. foll. § 2254. The delay in this case is at least seven years; petitioner first raised the two issues now before us in the state court petition in April of 1981. However, the state must make a particularized showing of prejudice caused by the delay. *McDonnell v. Estelle*, 666 F.2d 246 (5th Cir.1982). A dismissal under Rule 9(a) is not appropriate in this case because the state has neither alleged nor demonstrated such prejudice.

The state urges dismissal on the straightforward basis that the two alleged errors simply did not occur at trial. The only "evidence" on the issue is the statement of the judge who presided at trial; he also considered the 1981 state habeas petition. In his reasons for judgment dismissing the petition without an evidentiary hearing, the judge concluded that there was no factual basis for petitioner's complaints: "there were [no] prejudicial remarks such as petitioner contends, made by the District Attorney. Nor did the court charge the jury that a person is presumed to mean the consequences of his act."

■ In a state prisoner habeas case, a federal court is bound by a state court resolution of a factual issue arrived at with the procedural safeguards set forth in 28 U.S.C. § 2254 and fairly supported by the record. *See Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).

■ Recent Fifth Circuit opinions, however, make it clear that the state court judge's statement in his written reasons as to what occurred at trial do not constitute "a determination after a hearing on the merits of a factual issue" under 28 U.S.C. § 2254(d). *See Anderson v. Jones*, 743 F.2d 306 (5th Cir.1984); *Williams v. Maggio*, 730 F.2d 1048 (5th Cir.1984); and *Hickerson v. Maggio*, 691 F.2d 792 (5th Cir. 1982). These cases, all decided subsequent to petitioner's state habeas hearing, require that if the state trial judge is to be a "witness" on a disputed factual issue as to occurrences at trial, the state court's factual resolution is of no effect unless a different state judge presides at the habeas hearing. Moreover, the state trial judge must be treated as any other witness, testifying under oath and subject to cross-examination.

■ Without the benefit of either a transcript of the disputed part of the trial or of a state court resolution of the factual issues, we have two alternatives: to conduct a hearing ourselves (*see Walker v. Maggio*, 738 F.2d 714 (5th Cir.1984)), or to stay these proceedings to give the state court an opportunity to reopen the state habeas proceeding and to conduct a hearing to resolve the fact issues in the light of these recent Fifth Circuit opinions. We choose the latter, on principles of federalism.

We find no reported decision, either approving or prohibiting a stay pending further state court proceedings in a situation such as this.[2] We find support in several opinions, one by the U.S. Supreme Court twenty years ago. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). After determining that the state court procedure by which defendant's confession was determined to be voluntary and therefore admissible was constitutionally deficient, the Court declined to order a new trial on guilt or innocence, instead permit-

**2.** Two circuits have approved actions by district courts which had the effect of staying federal habeas proceedings pending further hearings in the state court in which petitioner was convicted. *Hart v. Eyman*, 458 F.2d 334 (9th Cir.), *cert. denied*, 407 U.S. 916, 92 S.Ct. 2441, 32 L.Ed.2d 691 (1972); *U.S. ex rel. McQueen v. Wangelin*, 527 F.2d 579 (8th Cir.1975).

ting the state court (rather than the federal district court in which the habeas petition was filed) to resolve the issue of voluntariness in a proper hearing. If after such a hearing the confession was determined to be admissible, the conviction would stand.

We recognize that a state petitioner, with some logic, can argue that once the state declines to accord him an evidentiary hearing he is entitled to a federal hearing rather than a stay, which accords the state a second opportunity. Supported by federalism and comity teachings in opinions of the Supreme Court, such as *Rose v. Lundy,* 455 U.S. 509, 519, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982), we reject the argument, especially in the unusual circumstances of this case.

In *Rose v. Lundy* the Court reminded us that our federal system is bottomed on the concept that "the federal and state 'courts [are] equally bound to guard and protect rights secured by the Constitution.'" *Id.* at 1203 (quoting *Ex parte Royall,* 117 U.S. 241, 256, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886)). Federal courts nurture a healthy federal nation by applying the principles of federalism and comity in situations such as the one before this court. By respecting the competence of state courts to redress constitutional wrongs and by avoiding unnecessary intrusions into the state court system, federal courts minimize friction between the federal and state systems of justice. The Supreme Court has often endorsed this proposition with the hope that through such practices "the state court may become increasingly familiar with and hospitable toward federal constitutional issues." *Rose v. Lundy,* 455 U.S. at 519, 102 S.Ct. at 1203.

We stay these proceedings for a period of 45 days, during which the state court may reopen petitioner's state habeas proceedings and conduct a hearing before a judge other than the judge who presided at petitioner's trial. If the state does so, we stay these proceedings for a reasonable period thereafter, until the finality of the state proceedings. We retain jurisdiction to adjudicate petitioner's claim, either with the benefit of the state court's resolution of the factual issues or, if the state so chooses, after an evidentiary hearing *ab initio* in this court.