Charles NELSON

v.

Ross MAGGIO, Jr., et al.

Civ. A. No. 84–2750.

United States District Court,
E.D. Louisiana.

May 8, 1985.

Charles Nelson, pro se.

Kathy Lee Torregano, Asst. Dist. Atty., New Orleans, La., for Ross Maggio, Jr.

## ORDER AND REASONS

DUPLANTIER, District Judge.

In seeking habeas corpus relief in this court, petitioner urged six grounds upon which relief should be granted. We concluded that the record was sufficient for the purpose of adjudication of the first four grounds for relief and we dismissed the petition as to those four grounds without an evidentiary hearing. The remaining two grounds for habeas relief, which we now consider, are premised upon petitioner's allegations that the following two errors occurred at his trial:

1) The trial judge charged the jury that "a man is presumed to intend the natural and probable consequences of his acts," and

2) The prosecutor, during closing arguments, "made several prejudicial comments about fact [sic] the accused did not testify...."

In a previous order concerning this habeas petition we noted that, if either of petitioner's allegations were true, he had stated a colorable claim for relief. *Nelson v. Maggio*, 600 F.Supp. 480, 481 (E.D.La. 1984). The state urged dismissal of these claims on the basis that the two alleged errors simply did not occur. However, a transcript of the prosecutor's closing argument and the trial court's jury charge was, through no fault of the state, apparently unavailable for post-conviction review by either the state court or this court. The state, nevertheless, argued that pursuant to the mandate of *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), we were bound by the state court's judgment which dismissed petitioner's habeas claims without an evidentiary hearing. In the state habeas proceedings the state court judge had concluded, on the basis of his recollection of the trial over which he had presided some seven years earlier, that there was no factual basis for petitioner's

complaints. Based upon a line of recent Fifth Circuit cases, *see, e.g., Anderson v. Jones,* 743 F.2d 306 (5th Cir.1984), we concluded that petitioner was entitled to an evidentiary hearing on the merits of the disputed factual issues.

In the interest of federalism we stayed the proceedings in this court for 45 days to give the state court the opportunity to "reopen petitioner's state habeas proceedings and conduct a hearing [to resolve the fact issues] before a judge other than the judge who presided at petitioner's trial." *Nelson v. Maggio,* 600 F.Supp. 480, 483 (E.D.La. 1984). We also retained jurisdiction to adjudicate petitioner's claims, either with or without the benefit of the state court's resolution of the factual issues. The state court accepted our invitation and reopened the state habeas proceedings. On February 14, 1985, the state court conducted a hearing on the disputed issues, at which all parties were present and afforded the opportunity to adduce evidence to support their version of the facts.

The hearing fully complied with the law of this circuit: it was conducted by a judge other than the judge who presided at petitioner's trial, and both the trial judge and the prosecutor testified at the hearing under oath and subject to cross-examination by counsel appointed by the state to represent petitioner at that hearing. *See Anderson v. Jones,* 743 F.2d 306 (5th Cir.1984). By all standards, petitioner received a full, fair and adequate hearing on the merits of the relevant factual disputes.

At the close of the testimony the state court judge recited his findings for the record. He concluded that neither of the alleged errors occurred at the trial: the prosecutor did not make the remark complained of, and the trial judge's charge did not include the erroneous intent instruction. We received a transcript of the hearing, transmitted a copy of the transcript to the petitioner, notified the parties that we would conduct a hearing on memoranda on the remaining two grounds for relief, and instructed the parties to submit memoranda on the remaining issues within a specified period of time. That period has passed without a submission by either party. For the following reasons, we dismiss petitioner's remaining two claims for habeas relief.

"[A] determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State ... were parties [and] evidenced by ... reliable and adequate written indicia, should be presumed to be correct," unless one of seven specified factors is present or the state court finding of fact is "not fairly supported by the record." 28 U.S.C. § 2254(d). *See also Sumner v. Mata,* 449 U.S. 539, 544–545, 101 S.Ct. 764, 767–768, 66 L.Ed.2d 722 (1981). Petitioner has the burden of rebutting this presumption of correctness by establishing "by convincing evidence that the factual determination by the State was erroneous." 28 U.S.C. § 2254(d).

In this instance, the state court habeas judge, after receiving the testimony of the state court judge who presided at petitioner's trial and of the prosecutor, dictated into the record his findings that neither of the two alleged errors occurred at petitioner's trial. These findings are clearly entitled to the statutorily mandated presumption of correctness. Petitioner failed to introduce any evidence (not even his own testimony) to support his allegations at the state habeas hearing. He has suggested no evidence, convincing or otherwise, that the factual determination by the state court was erroneous. *See Walker v. Maggio,* 738 F.2d 714 (5th Cir.1984) (petitioner has burden of establishing facts supporting his claim that he is entitled to habeas relief).

We will not disturb the state court's findings. On the basis of these findings we dismiss the two remaining claims for habeas relief.