**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joseph WOODS, Defendant–Appellant.**

**No. 88–3293**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 17, 1989.

---

Joseph Woods, Angola, La., pro se.

Constantine Georges, Asst. U.S. Atty., John P. Volz, U.S. Atty., and Robert J. Boitmann, Asst. U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before POLITZ, KING and SMITH, Circuit Judges.

PER CURIAM:

Appellant Joseph Woods, a State of Louisiana prisoner, appeals the district court's denial of his motion for habeas corpus relief pursuant to 28 U.S.C. § 2255. Woods, proceeding *pro se*, collaterally attacks his 1973 conviction for violation of 18 U.S.C. § 659, arguing that the procedures followed at his plea hearing were in violation of Fed.R.Crim.P. 11, that the government has failed to produce a transcript of that hearing, and that the court failed to apprise him of the consequences of his guilty plea. Finding that Woods has failed to meet his

burden of demonstrating prima facie constitutional error, we AFFIRM.

## I.

In January 1973, Woods pleaded guilty to one count of theft of four air conditioners in interstate shipment from Louisiana to Damman, Saudi Arabia. The district court sentenced him to seven years' imprisonment.

In August 1973, Woods filed a motion to receive a copy of the plea hearing and sentencing transcripts. The district court denied that motion after concluding that Woods was on a "fishing expedition." After Woods's parole and release, his criminal activities continued, and he was returned to prison after having been adjudged an habitual offender. In April 1981, February 1983, and March 1983, Woods again moved for a copy of the plea hearing and sentencing transcripts. Finally, in April 1983, the district court ordered a copy sent to him, but none was provided.

Four years later, in May 1987, Woods brought the instant petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2255, alleging that his 1973 guilty plea was not voluntary and knowing and was in violation of Fed.R.Crim.P. 11.[1] Woods asserts that he was unaware of the consequences of his guilty plea; specifically, he protests that he was not told that it might be used to enhance his sentence for any subsequent state or federal conviction. The government, unable to locate a transcript of the plea hearing, moved to compel Woods to produce the copy he supposedly possessed as a result of the April 1983 order. Woods answered, however, that he never had received a copy of the transcript.

The district court denied Woods's *pro se* petition, agreeing with the government that Woods had failed to raise a proper rule

---

1. Under existing precedent in this circuit, a person is "in custody" pursuant to a conviction for which the sentence has expired if he presently is serving a subsequent sentence that was enhanced by the challenged conviction. *See Young v. Lynaugh,* 821 F.2d 1133, 1136 (5th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct.

1040, 98 L.Ed.2d 1004 (1988). We note, however, that the Supreme Court has granted certiorari to review this question in a § 2254 case, *Cook v. Maleng,* 847 F.2d 616 (9th Cir.), *cert. granted,* — U.S. —, 109 S.Ct. 363, 102 L.Ed.2d 353 (1988), *argued,* 57 U.S.L.W. 3597 (U.S. Mar. 27, 1989).

11/*Boykin* [2] objection, as his only contention was that court had failed to apprise him of the "collateral consequence" that his conviction might be used in future enhancement proceedings. Adhering to this circuit's prior holdings, the district court held that failure to apprise a defendant of this collateral consequence was not a failure of constitutional dimension. Woods appeals and requests that this court appoint appellate counsel for him.

## II.

■ In habeas proceedings, we review the district court's findings of fact under the clearly erroneous standard and review its conclusions of law *de novo*. *See Humphrey v. Lynaugh*, 861 F.2d 875, 876 (5th Cir.1988). Here, the district court concluded that Woods's claims of error relate to the collateral consequences of his 1973 plea alone and not to the plea itself. We cannot agree, since Wood challenges the validity of his plea on the basis of non-compliance with rule 11. Nevertheless, we uphold the denial of his petition. Even though the transcript of Woods's plea hearing is missing, he has failed to meet his burden of demonstrating, at least prima facie, some constitutional defect with his plea proceedings.

## III.

In his petition, Woods relies heavily upon cases ordering reversals and remands that were made necessary by the trial court's failure to produce a transcript of the defendant's plea hearing. *See, e.g., United States v. Upshaw*, 448 F.2d 1218, 1223 (5th Cir.1971) (on direct appeal, court must be able to say affirmatively that omissions from transcript did not adversely affect any of defendant's substantial rights). But the standard in cases of collateral attack, as opposed to direct appeal, is less strict. Our cases have held, contrary to Woods's claim, that a state's inability to locate a plea hearing transcript does not automatically require overturning a prisoner's conviction when the attack is a collateral one. *See Walker v. Maggio*, 738 F.2d 714, 717

(5th Cir.1984); *Clayton v. Blackburn*, 578 F.2d 117, 120 (5th Cir.1978).

In our prior cases involving lost transcripts of *state* court plea hearings, we have emphasized that we will "scrutinize with guarded caution those situations ... where the reviewing court cannot ascertain from the trial transcript that the stringent due process requirements imposed by [*Boykin*] ... have been complied with scrupulously." *Walker v. Maggio*, 738 F.2d 714, 716 (5th Cir.1984) (quoting *LeBlanc v. Henderson*, 478 F.2d 481, 483–84 (5th Cir. 1973), *cert. denied*, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974)), *cert. denied*, 469 U.S. 1112, 105 S.Ct. 793, 83 L.Ed.2d 786 (1985). However, we also have held consistently that even when the transcript is completely unavailable, "it is still the petitioner's burden in a habeas corpus proceeding to demonstrate facts that establish a constitutional violation, unless the state's failure to find a transcript is so egregious a breach of duty as to relieve the petitioner of his initial burden of proof." *Walker*, 738 F.2d at 717.

■ The instant case is one of first impression: We have not yet considered whether the rule in *Walker* should be applied to circumstances in which the conviction was in *federal* court and it is the *federal* authorities who are unable to locate a transcript of the plea hearing. We hold today that the rule in *Walker* applies to these circumstances as well. Petitioners who collaterally attack either state or federal convictions bear the same burden of demonstrating, "at least prima facie, those facts that establish a constitutional violation." *Clayton*, 578 F.2d at 120 (5th Cir. 1978). They are not relieved of that burden unless the authorities' inability to locate the transcript amounts to an "egregious" violation of recordkeeping duties. To require especially careful recordkeeping of the United States, and thereby impose a lighter burden upon those challenging federal convictions and sentences, would be to create an arbitrary advantage for a particu-

2. *See Boykin v. Alabama*, 395 U.S. 238, 246, 89  S.Ct. 1709, 1714, 23 L.Ed.2d 274 (1969).

lar group among those who seek habeas relief.

## IV.

 Hence, we look to Woods's petition and brief to determine whether he has met his burden of identifying some facts that raise the spectre of constitutional error. Construing his pleadings broadly,[3] we can discern only one specific allegation made by Woods in support of his general claim of non-compliance with rule 11: The district court failed to apprise him of the possibility that his guilty plea and conviction might be used to enhance a sentence following a subsequent conviction.

Such a failure, however, is nothing more than a refusal to anticipate a defendant's recidivism. Thus, we have held that the possibility of future enhancement "is not the type of consequence about which a defendant must be advised before entering a guilty plea." *Wright v. United States,* 624 F.2d 557, 561 (5th Cir.1980). We therefore cannot conclude that Woods has satisfied his burden of demonstrating even prima facie constitutional error.

■ Nor do we find that the government's failure to locate the transcript of Woods's plea hearing constitutes conduct so egregious as to warrant further proceedings. As we emphasized in *Walker,* any delay by the prisoner in seeking relief is relevant to determining whether the government has violated its duty by not making the transcript available. 738 F.2d at 717. Here, Woods did request a transcript shortly after his conviction, but did not appeal the denial of that request. His next request did not come until eight years later, in 1981; but most importantly, in the four years following the approval of his 1983 request, Woods never informed the court that he had not received his transcript. While the government's inattention to such important detail gives us pause, we do not find that its neglect of duty is egregious, given the long passage of time

and Woods's failure to follow up for nearly four years even after his request had been granted.

## V.

We therefore AFFIRM the denial of Woods's petition. His request for appointment of counsel accordingly is DENIED. *See Self v. Blackburn,* 751 F.2d 789, 793 (5th Cir.1985).

---

3. *Pro se* habeas corpus petitions must be construed liberally. *Guidroz v. Lynaugh,* 852 F.2d 832, 834 (5th Cir.1988). At the same time, however, mere conclusory allegations on a critical

issue are insufficient to raise a constitutional issue. *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir.1983).