# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 3, 2011

No. 10-40391

Lyle W. Cayce
Clerk

JOHN GUIDO MASCITTI, JR.,

Petitioner - Appellee

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-cv-93

Before JONES, Chief Judge, and DENNIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The Texas Department of Criminal Justice appeals the district court's judgment granting habeas corpus relief to John Guido Mascitti on his claim of a constitutionally deficient prison disciplinary proceeding. The TDCJ was ordered to grant him a new hearing or reinstate 180 days of good time credit that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40391

had been taken away as discipline. Because we conclude that Mascitti's procedural rights were not violated, we REVERSE and RENDER.

## FACTUAL BACKGROUND

Mascitti is incarcerated at a state prison in Beeville, Texas, where he has served roughly 20 years on his 35-year sentence for burglary of a habitation. On April 8, 2008, the TDCJ charged Mascitti with violating prison rules by establishing an inappropriate relationship with a prison officer. The notice stated that

> [o]n [April 7, 2008 at 2:15 p.m.], and at the Line Building, Offender Mascitti . . . did establish an inappropriate relationship with Officer Sanchez which jeopardizes or has the potential to jeopardize the security of the agency, or compromise the effectiveness of the employee by accepting free world products from Officer Sanchez.

The notice did not explain that "free world products" referred to creatine, or that Officer Sanchez admitted smuggling creatine to Mascitti. Officer Sanchez was terminated following the investigation. The notice also failed to state that another inmate named Dyer told the investigating officer that he purchased creatine from Mascitti. Finally, the date listed – April 7 – was not the correct date of the alleged offense.

On April 9, the disciplinary hearing occurred. The hearing officer considered the investigating officer's report, which was based both on interviews with Officer Sanchez and on Dyer's statement that he purchased creatine from Mascitti. Mascitti and his counsel substitute were present at the hearing, and Mascitti testified on his own behalf. Throughout the hearing, Mascitti insisted that he "never accepted anything" from Officer Sanchez. After considering all the evidence, the disciplinary hearing officer found Mascitti guilty of the offense. He assessed several minor penalties and, relevant here, the loss of 180 days of good time credit.

2

No. 10-40391

Mascitti followed the two-step process for appealing adverse disciplinary findings. He filed a Step One appeal with the TDCJ on June 5, 2008. He listed five points of error, arguing that he was denied: (1) a "due process right to notice to enable him to marshal facts and prepare a defense"; (2) a due process right to call Officer Sanchez, who was no longer employed at the prison; (3) a "fundamental right not to suffer adverse disciplinary [sic] absent proof of some evidence"; (4) a "fundamental right not to have state officials make purposefully false statements against him"; and (5) a "fundamental right for the disciplinary hearing officer to make an independent evaluation of the credibility and reliability of informants." In support of his due process claim, Mascitti claimed that, had he been informed of Dyer's statement that Dyer purchased creatine from Mascitti, he could have called Dyer as a witness to refute the charge. The TDCJ denied the Step One appeal, and Mascitti filed a Step Two appeal, again alleging that his due process rights were violated and complaining that the TDCJ had committed procedural default by failing to reply to his Step One complaint within 30 days. The TDCJ denied that appeal as well.

Mascitti filed an application for a writ of habeas corpus under 28 U.S.C. § 2254, again citing due process violations. The TDCJ moved for summary judgment. The magistrate judge recommended *sua sponte* that the court grant summary judgment to Mascitti.[1] The magistrate judge's recommendation was based in part on the Second Circuit's decision in *Sira v. Morton*, 380 F.3d 57 (2nd Cir. 2004). The district judge granted Mascitti summary judgment, concluding that the TDCJ violated Mascitti's due process rights because he was not provided sufficient notice to enable him to prepare a defense.

---

[1] A district court may grant summary judgment on its own initiative, but it must first notify the party against whom judgment will be granted so that the party has the opportunity to present all its evidence. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986). It is not clear that the court notified the TDCJ in advance, but regardless, the TDCJ has not objected to the lack of advance notice, and so we do not consider this issue.

No. 10-40391

The TDCJ raises two points on appeal. First, it agues that Mascitti's due process claim was not properly exhausted in state administrative proceedings, and that the district court therefore erred in considering it. Second, the TDCJ argues that the district court erred substantively in determining that the notice provided to Mascitti was constitutionally inadequate.

We have jurisdiction under 28 U.S.C. § 2253(a).

## DISCUSSION

When reviewing a grant of a habeas petition, issues of law are reviewed *de novo* and findings of fact for clear error. *Woodfox v. Cain*, 609 F.3d 774, 788-89 (5th Cir. 2010). In prison discipline cases, only "some evidence" is required to comport with the requirements of due process when good time credits are revoked. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-57 (1985). Further, given the rehabilitative nature of prison disciplinary proceedings and the highly controlled prison setting, prison officials are entitled to a high degree of deference. *Id.* at 454-56. Consequently,

> the right to call witnesses [is] a limited one, available to the inmate when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. . . . Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence.

*Ponte v. Real*, 471 U.S. 491, 499 (1985) (internal quotations and citations omitted).

## I.   Exhaustion of Remedies

In finding that the TDCJ had violated Mascitti's due process rights, the district court first held that the TDCJ improperly failed to provide notice of Dyer's statement and the correct date and time of the alleged offense. This issue was raised in the administrative proceedings and was properly before the federal

4

No. 10-40391

district court. Second, the district court concluded that the TDCJ's failure to provide Mascitti with details on the location and parties involved in the alleged transaction violated his due process right. The TDCJ argues that this issue was not properly exhausted in state proceedings. We disagree.

State prisoners must exhaust all administrative remedies before filing a petition for a writ of habeas corpus in federal court. *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980). The claims presented to the administrative body must be the "substantial equivalent" of the claims asserted in the federal habeas petition. *Picard v. Connor*, 404 U.S. 270, 278 (1971). "For a claim to be exhausted, the state court system must have been apprised of the facts and the legal theory upon which the petitioner bases his assertion." *Galtieri v. Wainwright*, 582 F.2d 348, 353 (5th Cir. 1978) (en banc). It is not enough that the prisoner brought the same legal claim; rather, the prisoner must present the same substance to both the state administrative body and the federal court. *Burns v. Estelle*, 695 F.2d 847, 849-50 (5th Cir. 1983).

As was noted above, Mascitti has consistently complained of insufficient "notice to enable him to marshal facts to prepare a defense." This claim may be somewhat open-ended, but it plainly encompasses a lack of notice of the facts — who, what, when, where—constituting a violation. Given the straightforward and limited facts and procedure attending his disciplinary case, Mascitti's claim was sufficiently exhausted in the prison disciplinary process and raised in substantially the same form before the district court.

## II.    Due Process

The Supreme Court's opinion in *Wolff v. McDonnell* set out the minimum due process requirements required of prison disciplinary proceedings. 418 U.S. 539, 563-64 (1974). Thus, inmates are entitled to three protections: (1) written notice, at least twenty-four hours in advance, of the claimed violation that will clarify the charges and give the charged party a chance to prepare a defense;

No. 10-40391

(2) a written statement of the evidence relied on and the reasons for disciplinary action; and (3) the ability to call witnesses and present documentary evidence, when doing so "will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 564-66. However, even in the event of a constitutional violation, a habeas petition may not be granted unless the petitioner demonstrates that he was prejudiced by the violation. *See, e.g.*, *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) (holding that a petition must explain "how the lack of that piece of information was prejudicial to the preparation of his defense"); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993).

We need not reach whether Mascitti received constitutionally adequate notice of the charges because Mascitti has presented no evidence that he was prejudiced by any deficiency. First, although the wrong date of the offense was listed on the notice, his defense was that he "never" accepted contraband from Officer Sanchez—not that he did not engage in a prohibited transaction on April 7 or any specific date. He also admitted having spoken to Officer Sanchez about the free world products that could be brought into the prison. Notice of a specific date was irrelevant, either because he already knew the date of the offending conduct or because it was immaterial to his defense. As for the absence of fellow prisoner Dyer from the hearing, his testimony had no direct bearing on the charge, i.e., that Mascitti engaged in an improper relationship with Officer Sanchez. This case is readily distinguishable from *Sira v. Morton*, 380 F.3d 57 (2d Cir. 2004), on which Mascitti relies, because of the lack of prejudice and because Mascitti received far more detail about what he was charged with, with whom he committed the violation (Officer Sanchez), and who "informed" on him (Dyer).

6

No. 10-40391

## CONCLUSION

Because Mascitti demonstrated no prejudice resulting from the alleged deficiencies in his violation notice and disciplinary proceeding, we REVERSE the grant of habeas relief and RENDER judgment for the TDCJ.

**REVERSED and RENDERED.**