# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30232

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2018

Lyle W. Cayce
Clerk

FREDERICK L. BODISON,

      Petitioner - Appellant

v.

T. G. WERLICH,

      Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CV-2848

Before HIGGINBOTHAM, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the denial of a habeas petition stemming from a prison disciplinary hearing. We REVERSE and REMAND for further proceedings consistent with this opinion.

## FACTUAL BACKGROUND

On June 17, 2013, staff at a federal correctional facility in Florida found several pieces of white fabric in an envelope addressed to Appellant. Prison staff claimed that the fabric tested positive for cocaine using an ION Scan

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

400B. The next day, another card arrived addressed to Appellant with more white fabric. Again, prison staff claimed that the fabric tested positive for cocaine. A search of Appellant's possessions ensued, resulting in correctional officers finding more greeting cards, one of which allegedly tested positive for cocaine.

Correctional staff then reviewed Appellant's phone conversations with his wife. Staff noted that on June 6, 2013, Appellant told his wife, "You know those little card things? If you double them up that would be great!" When his wife responded that the cards "will get too puffy," Appellant said, "[i]t might seem like that to you, but they don't necessarily know."

Based on that evidence, prison officials determined that Appellant's wife was mailing him cocaine and charged him in a disciplinary proceeding with attempt to introduce narcotics. At his disciplinary hearing, Appellant argued that the evidence in the investigative report was false, claiming that the substance on the fabric was used for cleaning gold teeth. Appellant alleges he sought to call a number of witnesses to support that defense. For reasons unexplained in the record, the hearing officer denied Appellant's request to call witnesses. The hearing officer then, apparently relying on the alleged drug test results, which were not presented at the hearing, found that the weight of the evidence supported a conviction. As punishment, Appellant lost forty-one days of good time credit.

Appellant filed a habeas petition challenging that decision before the district court, arguing that the disciplinary hearing violated his due process rights and that there was insufficient evidence to convict him. The district court denied the petition and this appeal timely followed.

No. 15-30232

## STANDARD OF REVIEW

"In an appeal from the denial of habeas relief, this court reviews a district court's findings of fact for clear error and issues of law *de novo*." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (internal quotations omitted).

## DISCUSSION

Appellant argues that the disciplinary proceedings violated his due process rights in three ways. We need address only one. Because we find that the district court erred in considering Appellant's claim regarding his right to call witnesses, we reverse and remand for reconsideration of Appellant's habeas petition consistent with this opinion.

## I.    Prison officials must explain reasons for denying witnesses.

Appellant argues that prison officials violated his due process rights by denying him the ability to call witnesses. The district court found no violation because "even assuming the witnesses would have testified as [Appellant] claims . . . it would not have affected the outcome of his disciplinary hearing."

The Supreme Court set out the due process owed at prison disciplinary proceedings in *Wolff v. McDonnell*, 418 U.S. 539 (1974). "Chief among the due process minima outlined in *Wolff* was the right of an inmate to call and present witnesses and documentary evidence in his defense before the disciplinary board." *Ponte v. Real*, 471 U.S. 491, 495 (1985). Nonetheless, "the prisoner's right to call witnesses . . . [can] be denied if granting the request would be 'unduly hazardous to institutional safety or correctional goals.'" *Id.* (quoting *Wolff*, 418 U.S. at 566). However, prison officials must articulate the reasons they denied a request to present witnesses. *Id.* at 495-99. "[T]hey may do so either by making the explanation a part of the 'administrative record' in the disciplinary proceeding, or by presenting testimony in court if the deprivation

3

of a 'liberty' interest is challenged because of that claimed defect in the hearing." *Id.* at 497.

Here, there is no indication in the record why prison officials denied Appellant his right to call witnesses. The prison officials' failure to provide any explanation does not meet the requirements of *Ponte. See id.* at 495-99.

"However, even in the event of a constitutional violation, a habeas petition may not be granted unless the petitioner demonstrates that he was prejudiced by the violation." *Mascitti v. Thaler*, 416 F. App'x 411, 415 (5th Cir. 2011) (citing *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993)). According to the district court, Appellant cannot show any prejudice because he alleged the witnesses would testify that Appellant did not sell drugs at the facility. The district court believed that this would "not have affected the outcome of [Appellant's] disciplinary hearing since his conviction was not based on the sale of drugs."

While it is true that Appellant originally argued only that the witnesses would testify he was not selling drugs, Appellant later expanded on that argument in his objection to the magistrate judge's report and recommendation. The district court failed to consider these further arguments. *See United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) ("*Pro se* habeas corpus petitions must be construed liberally.").

In his objections to the R&R, Appellant argued that his witnesses "would have testified that the alleged cocaine was in fact used by the petitioner to clean his gold teeth." It is clear from Appellant's objections, read liberally as a whole, that his defense to the drug charge was that the test showing cocaine residue was false and that the material on the cloth was in fact jewelry cleaner. These facts, which rebut whether any narcotics were sent to Appellant in the first place, are relevant to the charges lodged against him.

No. 15-30232

Further, denial of the right to call witnesses potentially prejudiced Appellant. The only evidence that the cloth tested positive for cocaine was the statements of prison officials who asserted they had conducted an Ion 400B scan on the material. There were "no lab results or report." To rebut these officers' testimony, Appellant sought to introduce his own witnesses to show that the material was jewelry cleaner, not a narcotic. Appellant was denied the right to do so. Further, in affirming Appellant's conviction, the Regional Director noted that Appellant had "not provided any evidence to substantiate [his] contention" that the incident reports falsely stated the material contained cocaine. Appellant alleges he failed to present such evidence because he was denied the right to call witnesses.

Accordingly, we reverse the district court's conclusion that Appellant has not alleged a potential violation of due process rights. Without an explanation why the hearing officer denied the request to call witnesses, however, we cannot determine whether Appellant's due process rights have been violated. We leave consideration of that question to the district court in the first instance.

## CONCLUSION

The district court's opinion is REVERSED and REMANDED for further proceedings consistent with this opinion.