# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 9, 2013

No. 12-41159

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARIO MARTINEZ-CRUZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-400-1

Before JOLLY, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In April 2012, federal agents found Mario Martinez-Cruz ("Martinez") unlawfully present in the United States. He was charged with one count of illegal reentry following deportation after conviction of a felony, a violation of 8 U.S.C. §§ 1326(a), (b)(1), to which he pled guilty without a written plea agreement. Adopting the Pre-Sentence Investigation Report's ("PSR") factual findings and recommendations, the district court sentenced Martinez to 30-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41159

months imprisonment, the top-end of the 24 to 30 months advisory guidelines range.

On appeal, Martinez raises a single issue: whether the district court plainly erred in determining his criminal history category—and as a result miscalculated his advisory guidelines range—because the court added a criminal history point due to his 2008 Texas misdemeanor conviction of interference with public duties. Holding that Martinez has met the exacting plain error standard, we REVERSE and REMAND for the district court to re-sentence Martinez in the light of the accurate advisory guidelines range.

I.

On April 12, 2012, Martinez was found near Brownsville, Texas by Customs and Border Protection agents. Martinez admitted that he had no documentation permitting him to be in the United States. Indeed, he previously had been deported to Mexico on December 9, 2009, following his conviction for possession with intent to distribute cocaine (the "cocaine conviction"). When Martinez was discovered in the United States in April 2012, he had not obtained permission from the United States to reapply for admission. On June 26, 2012, Martinez pled guilty to the single-count indictment.

Under the 2011 Sentencing Guidelines, Martinez's base offense level was determined to be eight. His base offense level then was increased by an additional eight levels pursuant to U.S.S.G. § 2L1.2(b)(1)(B) because of the cocaine conviction, for which he was sentenced to seven years of deferred adjudication probation. After applying a three-level reduction because Martinez accepted responsibility, his total offense level was 13. The PSR also found that Martinez had accrued seven criminal history points: (1) one point for his 2008 conviction of interfering with the duties of a public servant (a Texas misdemeanor offense); (2) one point for the cocaine conviction; (3) three points for his 2010 conviction of attempted illegal reentry; and (4) two points because

No. 12-41159

he was on probation for the cocaine conviction when he committed the instant offense.  Martinez's criminal history category thus was IV.  Combining his criminal history category with his total offense level, Martinez's advisory guidelines range was 24 to 30 months.  The statutory maximum term of imprisonment was ten years.

Although Martinez raised a number of objections at the sentencing hearing, the district court adopted the PSR in its entirety.  The court also denied Martinez's request for a downward departure or variance, subsequently sentencing Martinez to 30-months imprisonment followed by a three-year term of supervised release.[1]  Martinez timely appealed.

## II.

Martinez contends that the district court erred by including an additional criminal history point in its calculation of his criminal history category based on his 2008 Texas misdemeanor conviction for interfering with the duties of a public official.  Martinez acknowledges, however, that he did not raise this objection before the district court.  Our review thus is for plain error.  *United States v. Mudekunye*, 646 F.3d 281, 287 (5th Cir. 2011).  "For reversible plain error, defendant must show a clear or obvious error that affects his substantial rights."  *Id.*; *see also United States v. Castillo-Estevez*, 597 F.3d 238, 240 (5th Cir. 2010) ("[Defendant] must show (1) error (2) that is plain and (3) that affects his substantial rights.").  We "will correct plain errors only if they seriously affect

---

[1] In requesting a 30-month sentence, the government stated:
This defendant ought to be getting a 16-level enhancement instead of an eight, Your Honor.  I mean, he's been on deferred for delivering cocaine.  He's committed and been convicted of offenses since he was placed on deferred adjudication, and the deferred adjudication was never adjudicated.  So he's -- he had a -- I believe a 1326 conviction while on deferred adjudication.  He had other arrests for being in the country illegally while he was on probation. He was encountered on April the 6th of 2012, and he remains on this deferred, so he only gets a plus eight instead of the plus 16 or at least a plus 12 if he was to serve even a day for that offense, so we're asking for 30 months.

3

No. 12-41159

the fairness, integrity, or public reputation of judicial proceedings." *Castillo-Estevez*, 597 F.3d at 240.

## A.

In this case, the government expressly concedes that assessing Martinez a criminal history point because of his 2008 Texas misdemeanor conviction was an "error," and the error was "plain." Although we are not bound by the government's confession of error, our independent review of the relevant Sentencing Guidelines provision demonstrates that the district court committed a clear and obvious error. *See Every v. Blackburn*, 781 F.2d 1138, 1140-41 (5th Cir. 1986).

In calculating criminal history, sentences for misdemeanor offenses are counted unless excluded under U.S.S.G. § 4A1.2(c). Offenses listed under section 4A1.2(c)(1)—including "offenses similar to them, by whatever name they are known"—are excluded from the criminal history calculation unless: "(A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." § 4A1.2(c)(1). Relevant here is the listed offense of "[h]indering or failure to obey a police officer." *Id.* To determine whether the Texas offense for "interference with public duties" is similar to the listed offense, we apply "a common sense approach which relies on all possible factors of similarity." *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991); *see also* § 4A1.2, comment., app. n.12(A) (listing factors courts should consider).

In Texas, the "interference with public duties" offense is a Class B misdemeanor punishable by a fine not to exceed $2,000, jail confinement for up to 180 days, or both. TEX. PENAL CODE §§ 38.15(a)(1), (b); *see also* TEX. PENAL CODE § 12.22. "A person commits [the offense] if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with: (a) a peace officer while the peace officer is performing a duty or exercising authority

4

imposed or granted by law." § 38.15(a)(1).  Based on the plain language of the statute, Martinez's conviction for interfering with the duties of a public servant is essentially identical to the listed offense of hindering or failing to obey a police officer.  Furthermore, he was sentenced to only three days in prison as a result of his actions.  As such, the 2008 Texas conviction counts for criminal history purposes only if it is similar to the instant offense.  *See* § 4A1.2(c)(1).

The government states that it would be "hard pressed to argue that" interfering with a public servant is similar to the instant offense of illegal reentry.  We agree that the offenses clearly are not similar for purposes of section 4A1.2(c)(1).  The 2008 Texas misdemeanor conviction should not have been included in calculating Martinez's criminal history category.  Martinez therefore has satisfied the first part of the plain error test; the district court committed an error that was clear or obvious.  *See United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010) (stating that because our conclusion was reached through a straightforward application of the Guidelines, error was obvious).

### B.

We next must determine whether the additional criminal history point affected Martinez's substantial rights.  "In cases of miscalculated guidelines ranges, this requires demonstrating a 'reasonable probability that, but for the district court's misapplication of the Guidelines, [the defendant] would have received a lesser sentence.'" *Blocker*, 612 F.3d at 416.  "[A] defendant has shown a reasonable probability that he would have received a lesser sentence when (1) the district court mistakenly calculates the wrong Guidelines range, (2) the incorrect range is significantly higher than the true Guidelines range, and (3) the defendant is sentenced within the incorrect range." *Mudekunye*, 646 F.3d at 290.

Martinez relies on our prior decisions in *Mudekunye* and *United States v. Avalos-Martinez*, 700 F.3d 138 (5th Cir. 2012), in arguing that the additional

No. 12-41159

criminal history point affected his substantial rights. In *Mudekunye*, the district court adopted an advisory guidelines range of 78 to 97 months in prison, ultimately imposing a 97-month sentence. 646 F.3d at 285, 289. At sentencing, the district court stated only that the "sentence happens to be within the Guideline range" and "is the appropriate sentence in this case given all of the facts and circumstances." *Id.* at 290 (internal quotations omitted). We, however, concluded that the correct advisory guidelines range was 63 to 78 months. *Id.* at 289. As a result, we held that in cases where the correct and incorrect ranges overlap, but the court imposes a sentence significantly above the top end of the correct Guidelines range, the imposed sentence affects the defendant's substantial rights "where it is not apparent from the record that [the defendant] would have received an above-Guidelines sentence." *Id.* at 290 (quoting *United States v. John*, 597 F.3d 263, 285 (5th Cir. 2010)) (alteration in original) (internal quotation marks omitted).

Furthermore, in *Avalos-Martinez*, the district court adopted an advisory guidelines range of 70 to 87 months in prison and imposed a 72-month sentence. 700 F.3d at 153. Moreover, the court "stated that it did not intend to impose a sentence above the applicable guidelines range." *Id.* On appeal, we determined that the correct advisory guidelines range was 57 to 71 months in prison and concluded that, "Based on the district court's expressed intention and the fact that [the defendant's] sentence exceeded the correct advisory guidelines range, the district court's error affected his substantial rights." *Id.* at 153-54.

The instant case fits squarely within our prior decisions in *Mudekunye* and *Avalos-Martinez*. Here, the additional criminal history point caused Martinez's criminal history category to be IV instead of III; making the applicable guidelines range 24 to 30 months instead of the correct 18 to 24 months. Furthermore, the district court sentenced Martinez to 30-months imprisonment, a sentence outside of the accurate Guidelines range by six months. And, as the

No. 12-41159

government acknowledges, it is unclear whether the district court would have entered a 30-month sentence regardless of the advisory guidelines range. Because "it is not apparent from the record that" the district court would have imposed an above-Guidelines sentence, we conclude that the additional criminal history point affected Martinez's substantial rights. *See Mudekunye*, 646 F.3d at 290.

C.

Martinez has shown that the district court's plain error in including the additional criminal history point affected his substantial rights, but we will exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Castillo-Estevez*, 597 F.3d at 240. This inquiry ultimately "is dependent upon the degree of error and the particular facts of the case." *United States v. Hernandez*, 690 F.3d 613, 622 (5th Cir. 2012) (citation omitted).

The government argues that this court should not exercise its discretion because the difference between the top end of the correct Guidelines range and Martinez's sentence is only six months, and because Martinez "should have gotten" a 12-level enhancement, instead of an eight-level enhancement, pursuant to section 2L1.2(b)(1). Indeed, our published decisions finding plain error in this context generally involved significantly larger variances than six months. *See Mudekunye*, 646 F.3d at 290 (19-month difference); *United States v. John*, 597 F.3d 263, 285 (5th Cir. 2010) (21-month difference); *see also Avalos-Martinez*, 700 F.3d at 154 (denying relief under the fourth prong when the difference was only one month). And, with respect to the 12-level enhancement, the government states that if Texas had adjudicated Martinez's cocaine conviction—according to the government, the instant offense violated his probation and should have triggered the deferred adjudication—before he was

sentenced in this case, Martinez would have received at least a 12-level increase in his base offense level.

Martinez's argument, however, is equally well-supported by our caselaw. For example, in *Hernandez* we exercised our discretion to correct a sentencing error when confronted with a 12-month difference between the top end of the accurate Guidelines range and the defendant's sentence. 690 F.3d at 621-22. And, like *Hernandez*, "the district court's error [in the instant case] was particularly obvious, involving a straightforward misapplication of the plain language of the Guidelines." *Id.* at 622. Moreover, the *Hernandez* defendant's criminal record contained significantly more aggravating factors than are presented in the instant case; the *Hernandez* defendant was found guilty of a "cocaine conspiracy offense," and his sentence was increased based on the possession of three firearms at the time of the offense—a handgun and "two AK–47 style rifles." *Id.* at 618 (internal quotation marks omitted).

Although the instant case falls directly in between our precedent in *Avalos-Martinez*—denying relief when confronted with a one-month difference—and *Hernandez*—granting relief based on a 12-month discrepancy, we believe that the facts of this case are more closely aligned with *Hernandez*. Our failure to correct this sentencing error in the light of the six-month difference between Martinez's sentence and the top end of the accurate Guidelines range, and the district court's clear misapplication of the Guidelines, would seriously affect the integrity of the judicial process. On remand, the district court should re-sentence Martinez with reference to the proper advisory guidelines range.

## III.

For the reasons stated above, the judgment of the district court is

REVERSED and REMANDED.